[Cite as *State v. Jones*, 2017-Ohio-342.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-15-1308

    Appellee                                    Trial Court No. CR0201501155

v.

Shonta Jones, Jr.                               **DECISION AND JUDGMENT**

    Appellant                                   Decided:  January 27, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Shonta Jones, Jr., appeals the November 3, 2015 judgment of the Lucas County Court of Common Pleas which, following appellant's plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to involuntary manslaughter with a gun specification, sentenced him to a total of 13 years of imprisonment.  For the reasons set forth herein, we reverse.

{¶ 2} The underlying facts of this case are not in dispute. On November 14, 2014, appellant, then 17 years old, and the victim had been involved in a dispute regarding money missing from appellant's locker at school. The victim had expressed fear of appellant and had not gone to school that day. Later that evening and following a separate dispute involving a photo posted on the internet, the victim and three other individuals went to a home in Toledo, Lucas County, Ohio, to confront the offender. While walking towards the house they observed three individuals with masks in an alley; one with a gun yelled out that they were "dumb" for coming to the house. Shots were fired and the victim was hit multiple times and killed. Appellant was identified as the shooter chiefly by his voice and a piece of hair hanging below his mask that looked like a "dread."

{¶ 3} On November 17, 2014, appellant was charged as a delinquent child for causing the death of another under R.C. 2903.02(B) and 2929.02. The state filed a motion for mandatory transfer of the case to the general division of the common pleas court under R.C. 2152.12(A)(1)(a)(i) and 2152.10(A)(2)(a). Following the December 22, 2014 probable cause hearing, the juvenile court transferred the matter.

{¶ 4} On January 28, 2015, appellant was indicted on one count of aggravated murder, R.C. 2903.01(A) and (F), with a firearm specification, and one count of murder, R.C. 2903.02(B) and 2929.02, with a firearm specification. Appellant entered a not guilty plea. On October 21, 2015, appellant withdrew his not guilty plea and entered a plea to involuntary manslaughter with a firearm specification pursuant to *North Carolina*

2.

*v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 167 (1970). The court found appellant guilty.

{¶ 5} On November 3, 2015, appellant was sentenced to ten years of imprisonment for involuntary manslaughter and three years for the firearm specification for a total of 13 years of imprisonment. This appeal followed with appellant raising three assignments of error for our review:

1) The Juvenile Court committed plain error by transferring appellant to the General Division of the Common Pleas Court without holding an amenability hearing in violation of appellant's rights under the United States and Ohio Constitutions.

2) Appellant received ineffective assistance of counsel due to counsel's failure to preserve appellant's constitutional arguments for appeal.

3) Appellant's sentence is contrary of law.

{¶ 6} Appellant's first assignment of error asserts that the trial court committed plain error by failing to hold an amenability hearing prior to transferring appellant's case from juvenile court to the general division in violation of his constitutional due process and equal protection rights. Procedurally, the state contends that the argument is waived because appellant failed to raise this issue in the trial court and, further, because appellant entered a guilty plea.

**{¶ 7}** As to the effect of appellant's failure to object to the mandatory bindover procedure, the state relies on *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900. In *Quarterman*, the Supreme Court of Ohio concluded that because appellant failed to either raise the mandatory bindover issue in the trial court or argue the application of the plain-error rule, he failed to give "any basis for us to decide that the juvenile court's transfer of his case to adult court amounts to plain error in these circumstances." *Id.* at ¶ 2.

**{¶ 8}** Regarding the effect of appellant's plea in general, a guilty or *Alford* plea waives a defendant's right to raise most issues on appeal. *State v. Ware*, 6th Dist. Lucas No. L-08-1050, 2008-Ohio-6944, ¶ 12, quoting *State v. Bryant*, 6th Dist. Lucas No. **{¶ 9}** L-03-1359, 2005-Ohio-3352, ¶ 23. Such waiver includes "all nonjurisdictional defects and constitutional violations that occurred before he entered his guilty plea and that do not 'stand in the way of conviction if factual guilt is validly established.'" *State v. Legg*, 4th Dist. Pickaway No. 14CA23, 2016-Ohio-801, ¶ 28, quoting *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78. Conversely, claims affecting the subject-matter jurisdiction of the court may not be waived despite a guilty plea or failure to object. *Id.* As to the mandatory bindover statute, courts have held that such jurisdictional claims are not waived by a guilty plea because it is being argued that the juvenile cannot be convicted in adult court regardless of factual guilt. *State v. McKinney*, 1st Dist. Hamilton Nos. C-140743, C-140744, 2015-Ohio-4398, ¶ 10, citing *State v. Lane*, 11th Dist. Geauga No. 2913-G-3144, 2014-Ohio-2010, ¶ 43.

4.

{¶ 10} On December 22, 2016, the Supreme Court of Ohio ruled that the mandatory bindover provision under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violates a juvenile's right to due process under Article I, Section 16 of the Ohio Constitution. *State v. Aalim*, Slip Opinion No. 2016-Ohio-8278. In *Aalim*, the juvenile was alleged to have committed aggravated robbery with a firearm which as an adult he would be charged with R.C. 2911.01(A)(1). Appellant, 16 at the time of the alleged offense, was subject to the mandatory transfer provision based upon his age, the offense, and a probable cause finding. *Id.* at ¶ 3.

{¶ 11} After being charged by indictment in the general division of the common pleas court, appellant filed a motion to dismiss arguing that the mandatory transfer provision violated his due process and equal protection rights and violated the prohibition against cruel and unusual punishment under the United States and Ohio Constitutions. *Id.* at ¶ 4. The trial court overruled the motion and the appeals court affirmed. *Id.* at ¶ 4-5.

{¶ 12} The Supreme Court of Ohio accepted the appeal on the issues of whether the mandatory bindover statute violates due process and equal protection. As to the due process arguments, the court first noted that in certain instances the Ohio Constitution provides greater protection than the federal Constitution. *Id.* at ¶ 15. The court then proceeded to detail the history of the juvenile court system acknowledging its unique goals of "promoting social welfare and eschewing traditional, objective criminal standards and retributive notions of justice," *id.* at ¶ 16, citing *In re C.S.*, 115 Ohio St.3d

5.

267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 65, and the special status of juveniles based on their lack of maturity, susceptibility to negative influences, and lack of well-formed character. *Id.* at ¶ 22, quoting *Roper v. Simmons*, 543 U.S. 551, 570, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

{¶ 13} The court then concluded that because 16- and 17-year-olds are considered children:

> Their age should not be treated as the sole decisive factor in determining whether they are transferred for criminal prosecution, and it is therefore a logical step for us to hold that *all* children, regardless of age, must have individual consideration at amenability hearings before being transferred from the protections of juvenile court to adult court upon a finding of probable cause for certain offenses. *Id*. at ¶ 24.

{¶ 14} The court found that the discretionary transfer process set forth in R.C. 2152.10(B) and 2152.12(B) through (E) "satisfies fundamental fairness under the Ohio Constitution" and severed the mandatory-transfer provisions of R.C. 2152.10(A) and 2152.12(A). *Id.* at ¶ 28-29.

{¶ 15} Following its decision in *Aalim*, the Supreme Court of Ohio reversed and remanded two appeals for its application. *State v. D.B.*, Slip Opinion No. 2016-Ohio-8334; *State v. Lee*, Slip Opinion No. 2016-Ohio-8469. In *D.B.*, the court remanded the matter to the juvenile court. In the lower court's decision, *State v. Brookshire*, 2d Dist. Montgomery No. 25859, 2014-Ohio-4858, the appellate court addressed and rejected the

6.

due process and equal protection arguments, based upon its analysis in the co-defendants case, *State v. Brookshire*, 2d Dist. Montgomery No. 25853, 2014-Ohio-1971.[1]  In that case, in analyzing the appellant's constitutional claims the court employed a plain-error analysis based upon the appellant's failure to raise the bindover issue either in the juvenile court or common pleas court and his entering a guilty plea.  The court noted that "an appellate court may still '"consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it."'"  (Citations omitted.)  *Id.* at ¶ 30.

{¶ 16} Likewise in *State v. Lee*, 10th Dist. Franklin No. 14AP-1009, 2016-Ohio-122, the court conducted a plain-error analysis where the appellant failed to raise the issue of the constitutionality of mandatory bindover in either the juvenile court or the general common pleas court.  *Lee*, however, followed a jury finding of guilt.

{¶ 17} In this case, unlike *Quarterman*, *supra*, appellant has raised and argued the issue of plain error.  Based on the Supreme Court of Ohio's decision in *Aalim*, and its subsequent reversal in two cases which conducted, yet rejected, a plain-error analysis we find that appellant has demonstrated plain error in this case.  Accordingly, appellant's first assignment of error is well-taken.

{¶ 18} Based upon our disposition of appellant's first assignment of error, we find that appellant's second and third assignments of error are moot and not well-taken.

---

[1] The defendants share the same last name.

{¶ 19} Based on the foregoing, we find that appellant was prejudiced and prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is reversed and the matter is remanded to the Lucas County Court of Common Pleas, Juvenile Division.  Pursuant to App.R. 24, costs of this appeal are assigned to appellee.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.