**[Cite as *State v. Byars*, 2025-Ohio-5733.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

STATE OF OHIO                             COURT OF APPEALS NO. WD-25-025

       APPELLEE

                                         TRIAL COURT NO. 2024CR0187

V.

MARION BYARS                              **DECISION AND JUDGMENT**

       APPELLANT                          Decided:  December 23, 2025

* * * * *

Paul A. Dobson, Wood County Prosecutor and
David T. Harold, Chief Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}**  In this appeal, defendant-appellant, Marion Byars, appeals the April 16, 2025 judgment of the Wood County Court of Common Pleas sentencing her to community control following her violation of the terms of intervention in lieu of conviction ("ILC").  For the following reasons, we affirm.

{¶ 2} Byars was indicted on one count each of trespass in a habitation when a person is present or likely to be present in violation of R.C. 2911.12(B), a fourth-degree felony, and criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a second-degree misdemeanor.

{¶ 3} Byars and the State reached an agreement under which Byars pleaded guilty to the indictment, and the State agreed not to oppose ILC. In the written plea agreement, Byars "stipulate[d that] there is a factual basis to support a finding of guilt for" both counts of the indictment. During the ILC hearing Byars again "stipulate[d] to the facts that would be presented would be sufficient to lead to a conviction." After conducting a thorough Crim.R. 11 plea colloquy, the trial court accepted Byars's pleas, withheld a guilty finding on the pleas, and placed Byars on a two-year term of ILC.

{¶ 4} Five months later, Byars tested positive for THC in violation of the terms of her ILC. Byars admitted to the violation.

{¶ 5} When the trial court held a disposition hearing about two months later, Byars again tested positive for THC. At that point, the court gave Byars two options. The court would either terminate ILC, convict her of the offenses, and place her on community control, or keep her on ILC, add time to her ILC term, and send her to a community-based correctional facility. Byars chose the first option, so the trial court terminated her ILC, found her guilty of trespass in a habitation when a person is present or likely to be present and criminal damaging or endangering, and sentenced her to community control. The trial court did not conduct another plea colloquy or hear any facts of the underlying crimes during the disposition hearing.

2.

**{¶ 6}** Byars now appeals, and raises the following assignment of error:

The trial court's finding of guilt as to the underlying offenses here was not supported by the manifest weight of the evidence, or in the alternative, did not comport with the requirements of Crim. R 11(C), such that the conviction and resulting sentence here are arguably voidable.

**{¶ 7}** In her brief, Byars argues that there was no recitation of facts related to the offenses in the indictment at either the ILC hearing or the disposition hearing, so the trial court's finding of guilt is not supported by the manifest weight of the evidence. Alternatively, she argues that the lack of a factual basis for her pleas made her enter her pleas without a full understanding of the nature of the charges against her, as required by Crim.R. 11(C)(2)(a). The State responds that Byars stipulated to a factual basis for her pleas, so she invited any error and cannot now complain of it. Even if we find that Byars did not invite the error, neither the State nor the trial court was required to put the factual basis for the pleas on the record. Finally, the State argues that Byars waived her right to challenge the manifest weight of the evidence by pleading guilty.

**{¶ 8}** By agreeing to plead guilty, a defendant waives the right to raise most issues on appeal. *State v. Gibson*, 2023-Ohio-1776, ¶ 12 (6th Dist.), citing *State v. Jones*, 2017-Ohio-342, ¶ 8 (6th Dist.). This includes challenging the manifest weight of the evidence. *Id.*, citing *State v. Williams*, 2004-Ohio-4856, ¶ 12 (6th Dist.). Additionally, "[w]e have held that a 'guilty plea itself provides the necessary proof of the elements of the crime, thus relieving the trial court of the obligation to determine whether a factual basis exists to support the plea.'" *Id.*, quoting *State v. Norris*, 2019-Ohio-1488, ¶ 10 (6th Dist.).

3.

{¶ 9} Here, Byars pleaded guilty to trespass in a habitation when a person is present or likely to be present and criminal damaging or endangering after the trial court informed her of all of the information required under Crim.R. 11(C). The court was not required to determine that a factual basis existed for Byars's pleas as part of its plea colloquy, so its failure to inquire about the facts was not error. And Byars waived her right to challenge the manifest weight of the evidence when she pleaded guilty, so we cannot consider that part of her argument. In short, we find no error in the trial court's acceptance of Byars's pleas. Therefore, Byars's assignment of error is not well-taken.

{¶ 10} Based on the foregoing, the April 16, 2025 judgment of the Wood County Court of Common Pleas is affirmed. Byars is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik

_____     _____
                                                              JUDGE

Christine E. Mayle

_____     _____
                                                              JUDGE

Gene A. Zumda

_____     _____
CONCUR.                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.