Delaney, P.J.
{¶ 1} Appellant Randall T. Hutchison appeals from the October 18, 2016 Judgment of Conviction of Sentence and May 29, 2016 Decision and Order Denying Defendant's Motion to Withdraw Guilty Pleas of the Licking County Court of Common Pleas. Appellee is the state of Ohio.
FACTS AND PROCEDURAL HISTORY
{¶ 2} The following facts are adduced from appellee's statement at the change-of-plea and sentencing hearing on October 17, 2016. These facts are also contained in the "Memorandum Documenting Nature of Plea Agreement" signed by appellant, appellee, *94 and defense trial counsel on October 17, 2016.
{¶ 3} This case arose on November 5, 2014 in the city of Newark. Law enforcement prepared to execute a search warrant at 58 ½ Union Street during an investigation of appellant's involvement in counterfeiting. Appellant left the residence and engaged in a confrontation with police, during which he discharged a firearm at Ptl. Jarrod Conley of the Newark Police Department.[1] Ptl. Conley was struck in the arm and vest, causing serious physical harm.
{¶ 4} At the time of the shooting, Ptl. Conley was in uniform and had just exited a marked police car.
{¶ 5} Prior to this confrontation, appellant had stated "he would engage in a shootout with police if he ever faced being re-arrested." (Memorandum, 4).
{¶ 6} After shooting Ptl. Conley, appellant fled on foot, pursued by Det. Doug Bline, who was in plain clothes. Appellant became aware of Det. Bline's pursuit in the area of West Church Street; appellant "raised his firearm directly at Det. Bline in such a fashion as to manifest a substantial step toward shooting at him * * *." (Memorandum, 4). Det. Bline struck appellant with the vehicle he (Bline) was driving. Appellant's firearm was found at the scene.
{¶ 7} Appellant was alleged to have recklessly violated the terms of a protection order issued or consent agreement approved pursuant to R.C. 2919.26 or 3113.31 of the Revised Code, and/or a protection order issued pursuant to Section 2151.34, 2903.213, or 2903.214 of the Revised Code. These protection orders were issued in Licking County Common Pleas Court, Domestic Relations Division, Case No. 14-DR-1161 and Licking County Common Pleas Court, General Division, Case No. 09-CV-2135; both protection orders were in effect on November 5, 2014; and both protection orders prohibited appellant from possessing, using, carrying, or obtaining any deadly weapons, including a firearm.
{¶ 8} Appellant was in actual or constructive possession of, as a principal offender or in complicity with one or more others, "counterfeit" U.S. currency in the Union Street residence, in the vehicle he was driving before the confrontation with law enforcement, and/or in the personal effects removed from his person at the hospital. Additionally, appellant did with purpose to defraud or knowing that he was facilitating a fraud, did utter, or possess with purpose to utter, any writing that he knew to be forged.
{¶ 9} Appellant was in actual and/or constructive possession of, as a principal offender or in complicity with one or more others, items used to facilitate the counterfeiting of U.S. currency including but not limited to a printer/copier and copying paper to manufacture counterfeit bills; chemicals to "bleach" real U.S. currency; one or more vehicles to transport counterfeit bills and/or to transport items/equipment to aid in the counterfeiting process itself; and real U.S. currency from which to make copies or that can be bleached.
{¶ 10} Appellant acknowledged the facts presented, that those facts would have been presented to a jury, and that if presented to the jury would have been sufficient to sustain convictions as described infra. (T. 23).
*95 {¶ 11} Appellant was charged by indictment as follows: Count I, felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the first degree; Count II, felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the first degree; Count III, improper handling of firearms in a motor vehicle pursuant to R.C. 2923.16(B), a felony of the fourth degree; Count IV, violation of a protection order pursuant to R.C. 2919.27(A)(1) and/or (2) and (B)(4), a felony of the third degree; County V, forgery pursuant to R.C. 2913.31(A)(3), a felony of the fifth degree; Count VI, possession of criminal tools pursuant to R.C. 2923.24(A), a felony of the fifth degree. Count I is accompanied by firearm specifications pursuant to R.C. 2941.1412 and R.C. 2941.145 ; Count II is accompanied by a firearm specification pursuant to R.C. 2941.145.
{¶ 12} Appellant entered pleas of not guilty.
{¶ 13} On July 10, 2015, appellant filed a motion for psychological evaluations, asserting he had "severe mental illness" and possible "intellectual/adaptive functioning impairments" affecting his ability to meaningfully assist in his defense. On July 14, 2015, the trial court ordered appellant to submit to a psychological examination pursuant to R.C. 2945.37(A).
{¶ 14} While the instant case was pending, in an unrelated matter, appellant's federal supervision was revoked and he was sentenced to a federal prison term of 24 months.
{¶ 15} On September 11, 2015, the trial court filed a Judgment Entry accepting a Netcare Report and adopting the finding that appellant was capable of understanding the nature and objective of the proceedings and assisting in his defense. Appellant was therefore competent to stand trial.
{¶ 16} On September 16, 2015, appellant filed a pro se memorandum requesting new trial counsel, which the trial court granted on September 18, 2015.
{¶ 17} Appellant moved for, and was granted, the services of a private investigator at public expense. Appellant also moved for, and was granted, the services of an expert crash investigator/reconstructionist.
{¶ 18} On May 16, 2016, the trial court filed a Judgment Entry indicating appellant requested a new trial at a status conference and the request was granted. The Office of the Ohio Public Defender was appointed to represent appellant.
{¶ 19} On October 18, 2016, appellant entered negotiated pleas of guilty to Count I, felonious assault of a police officer and the second accompanying firearm specification;[2] Count III, improper handling of a firearm in a motor vehicle; Count IV, violation of a protection order; Count V, forgery; and Count VI, possession of criminal tools. Appellant entered an Alford plea to Count II, which was amended to attempted felonious assault pursuant to R.C. 2903.11(A)(1) and 2923.02, a felony of the third degree, and the accompanying firearm specification. The Entry of Guilty Pleas filed October 18, 2016, states the parties' agreement "[t]hat the parties will jointly recommend that on the charges in this case the Court impose a prison sentence not less than twelve (12) years, and no greater than twenty-four (24) years under the terms otherwise outlined in a simultaneously-presented 'Memorandum Documenting Nature of Plea Agreement.' "
{¶ 20} Also on October 18, 2016, the trial court journalized its Judgment of Conviction and Sentence indicating, e.g., appellant was sentenced to an aggregate prison *96 term of 20 years. The term was ordered to be served consecutively to appellant's federal prison term.
{¶ 21} On October 31, 2016, appellant filed a pro se motion to withdraw his guilty plea, arguing e.g. he blacked out and had no memory of telling defense trial counsel he acquiesced to the negotiated pleas of guilty. Appellee responded with a memorandum and affidavit in opposition on November 3, 2016.
{¶ 22} Appellant filed second and third (separate) pro se motions to withdraw his guilty plea on November 10, 2016. Appellee responded with a supplemental memorandum in opposition on November 15, 2016.
{¶ 23} On November 17, 2016, appellee filed a "State's Submission of Proposed Judgment Entry Denying Defendant's Motions to Withdraw Guilty Plea."
{¶ 24} On November 29, 2016, the trial court entered a "Decision and Order Denying Defendant's Motions to Withdraw Guilty Pleas."
{¶ 25} Appellant then filed pro se motions to hold an evidentiary hearing, for preparation of transcripts at state's expense, and for appointment of counsel, all of which were overruled by the trial court.
{¶ 26} On December 16, 2016, however, the trial court filed a judgment entry noting the motions described above, concluding appellant "wish[ed] to pursue some sort of appeal in connection with either his conviction, or his Motion to Withdraw his Guilty Pleas." Therefore the trial court granted appellant's motion for appointment of counsel to represent appellant for purposes of appeal.
{¶ 27} On December 29, 2016, appellant filed notice of the instant appeal.
{¶ 28} Appellant now appeals from the October 18, 2016 Judgment of Conviction and Sentence and November 29, 2016 Decision and Order Denying Defendant's Motions to Withdraw Guilty Pleas.
{¶ 29} Appellant raises three assignments of error:
ASSIGNMENTS OF ERROR
{¶ 30} "I. HE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT A HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA."
{¶ 31} "II. THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO COMPLY WITH CRIMINAL RULE 11, SPECIFICALLY BY NOT EXPLAINING TO THE DEFENDANT THAT A DEFENDANT WHO MAKES A GUILTY PLEA IS MAKING A COMPLETE ADMISSION OF GUILT."
{¶ 32} "III. THE APPELLANT DID NOT ENTER A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA BECAUSE HIS COMMENTS ON THE RECORD CLEARLY DEMONSTRATE THAT HE DID NOT UNDERSTAND THE CHARGES."
ANALYSIS
I., II., III.
{¶ 33} Appellant's three assignments of error are related and will be considered together. Appellant argues that the trial court should have afforded him a hearing on his motions to withdraw his guilty pleas; that he did not understand his guilty pleas were a complete admission of guilt; and he didn't fully comprehend the charges he was facing. For each of these reasons, appellant alleges, the trial court erred in refusing to allow him to withdraw his guilty pleas. We disagree.
*97 Post-Sentence Motions to Withdraw Guilty Pleas
{¶ 34} Appellant's motions to withdraw his guilty plea were made pursuant to Criminal Rule 32.1, stating: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. State v. Marafa , 5th Dist. Stark Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, 2003 WL 150093, ¶ 8.
{¶ 35} Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. See State v. Caraballo , 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. Berk v. Matthews , 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). Furthermore, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. State v. Aleshire , 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, 2010 WL 2297917, ¶ 60, citing State v. Smith , 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. Smith , supra, 49 Ohio St.2d 261, 361 N.E.2d 1324 at paragraph one of the syllabus.
Hearing Not Required
{¶ 36} Appellant first argues the trial court should have allowed a hearing because the facts alleged in his pro se motions, if accepted as true, would require the court to permit withdrawal of the guilty pleas. A trial court is not automatically required to hold a hearing on a post sentence motion to withdraw a plea of guilty. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. State v. Kent , 10th Dist. Franklin No. 03AP722, 2004-Ohio-2129, 2004 WL 886387, ¶ 8.
{¶ 37} A trial court's decision whether to hold a hearing on the motion is also subject to review for abuse of discretion. Smith , supra. The term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).
{¶ 38} Appellant argues his claims of manifest injustice require a hearing. Specifically, he asserts that he instructed his attorney that he did not want to enter guilty pleas when he entered the courtroom, but then blacked out for the remainder of the hearing due to his traumatic brain injury. We reject appellant's premise that a trial court must accept his claims as true without any consideration of credibility. In deciding a motion to withdraw a guilty plea, the trial court has the discretion to determine the "good faith, credibility and weight of the movant's assertions * * *." State v. Wilkey , 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, 2006 WL 1745065, ¶ 21, citing Smith at paragraph two of the syllabus and State v. Caraballo , 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). In this case, the only corroboration of appellant's claims are his own statements in the motions to withdraw the guilty pleas. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. State v. Patterson , 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, 2004 WL 615751, ¶ 20.
*98 {¶ 39} In fact, appellant's claims of a blackout and debilitating illness are contradicted by the record. Appellant claims in his motions and on appeal that he was ill during the hearing, that he was medicated to the extent he didn't understand what was happening, and that the prosecutor and defense trial counsel threatened and coerced him into accepting the plea offer. During the hearing, appellant testified under oath that he understood what he was doing, he wasn't under the effects of any mind-altering substance, and no threats or promises had been made to induce him to plead guilty. (T. 7, 8).
{¶ 40} There was no evidence of appellant's alleged altered mental state at the hearing. In Caraballo , supra, the appellant argued that his state of mind was affected by emotional debilitation and drug abuse, therefore preventing his plea from being voluntary and knowledgeable; additionally, he was not capable of appreciating the consequences of his actions due to his habitual drug dependency and the trial court erred in disallowing him to withdraw the plea. In affirming the decision of the trial court, the Ohio Supreme Court noted:
While we recognize that a guilty plea must be knowing, intelligent and voluntary, appellant's own testimony established that he was not under the influence of any drug and that he understood the nature of the proceedings on the day in question. Further, we fail to see how the trial judge could have more thoroughly examined appellant's mental state relative to his plea. After complying with Crim.R. 11, the court again reviewed his mental awareness surrounding the plea at the hearing on this matter. We can, therefore, find no abuse of discretion in the trial court's action as appellant has not sustained his burden of proof required by Smith, supra.
State v. Caraballo , 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).
{¶ 41} In the instant case, appellant's claims are contradicted by the record. The trial court found the only evidence of appellant's traumatic brain injury was his own self-serving statement; nor does any evidence exist that any such injury impaired appellant's decision-making during the change-of-plea hearing. As appellee points out, appellant was in fact found to be competent to stand trial.
{¶ 42} If we were to accept appellant's argument, a hearing would be required upon every claim of manifest injustice and the trial court would have no discretion to weigh the credibility of the allegations. Instead, the Ohio Supreme Court has held a trial court may, in the sound exercise of its discretion, judge the credibility of the affidavits in determining whether to accept affidavits as true statements of fact. State v. Amstutz , 5th Dist. Stark No. 2000-CA-00047, 2001 WL 46324, *2, citing State v. Calhoun , 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).
{¶ 43} The party moving to withdraw the guilty plea must support the allegations contained in the motion with affidavits and/or the record. Id. In Amstutz , supra, 5th Dist. Stark No. 2000-CA-00047, 2001 WL 46324, at *2, citing State v. Jackson , 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), we noted a defendant is not entitled to a hearing where he or she failed to provide evidentiary-quality materials raising sufficient operative facts which would entitle the defendant to the requested relief. Appellant was required to present evidence which met a minimum level of cogency to support his claims. Id. , citing State v. Cole , 2 Ohio St.3d 112, 115, 443 N.E.2d 169 (1982). A petitioner's self-serving affidavit does not meet the minimum level of cogency. State v. Kapper , 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983).
*99 {¶ 44} We reject appellant's premise that the trial court must accept his assertions as true; if that were the case, every self-serving affidavit accompanying a motion to withdraw plea would require a hearing. When reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions. See, State v. Allison , 4th Dist. Pickaway No. 06CA9, 2007-Ohio-789, 2007 WL 576111, ¶ 9, citing Smith, supra, at 264, 361 N.E.2d 1324 ; State v. Yost, 4th Dist. Meigs No. 03CA13, 2004-Ohio-4687, 2004 WL 1949367 ; State v. Boyd, 2nd Dist. Montgomery No. 18873, 2002 WL 360333 ; State v. Cross , 10th Dist. Franklin No. 03AP-1129, 2004-Ohio-7194, 2004 WL 3090242 [appellant's allegations in his Crim.R. 32.1 motions "are directly contradicted by the record, general and conclusory in substance, or, even if true, insufficient to necessitate an evidentiary hearing on his motion to withdraw his guilty plea."].
{¶ 45} The trial court did not abuse its discretion in failing to hold an evidentiary hearing on appellant's motions to withdraw his guilty pleas.
Trial Court Complied with Crim.R. 11
{¶ 46} Next, appellant asserts the trial court failed to advise him during the Crim.R. 11 colloquy that his guilty pleas were complete admissions of guilt. The effect of a guilty plea "is a complete admission of the defendant's guilt." See, Crim.R. 11(B)(1). The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily. State v. Griggs , 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11, citing State v. Nero , 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) and State v. Ballard , 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. Id. at ¶ 12, citing Nero, 56 Ohio St.3d at 107, 564 N.E.2d 474.
{¶ 47} Crim.R. 11(C)(2)(a) states the trial court must determine "* * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." The Rule requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). State v. Dunham, 5th Dist. No.2011-CA-121, 2012-Ohio-2957, 2012 WL 2479542, ¶ 11 citing State v. Ballard, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing State v. Stewart, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11 :
{¶ 48} Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. State v. Nero, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990) ]. The test for prejudice is 'whether the plea would have otherwise been made.' Id.
*100 {¶ 49} Under the substantial-compliance standard, we review the totality of circumstances surrounding appellant's plea and determine whether he subjectively understood the effect of his plea. See, State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 at ¶ 19-20 ; State v. Alexander, 5th Dist. Stark No. 2012CA00115, 2012-Ohio-4843, 2012 WL 4955291, appeal not allowed, 134 Ohio St.3d 1485, 2013-Ohio-902, 984 N.E.2d 29.
{¶ 50} Our review of the change-of-plea and sentencing hearing reveals the trial court advised appellant of his constitutional rights, the potential penalties for each offense, and the possibility of post-release control. The trial court also inquired as to the voluntariness of appellant's plea of guilty. In short, the trial court complied with Crim.R. 11. The record demonstrates the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. See, State v. Tillman, 6th Dist. Huron No. H-02-004, 2004-Ohio-1967, 2004 WL 835845, ¶ 20. The court engaged appellant in a personal inquiry as to whether he understood the plea agreement and its consequences. Appellant was represented throughout the hearing. Nothing in the record indicates that appellant was under the influence of any drug or other substance which would prohibit his understanding of the court's questions. The record indicates that he understood the terms of the agreement and entered an intelligent, knowing and voluntary plea. State v. Hendricks , 5th Dist. Muskingum No. CT2016-0010, 2017-Ohio-259, 2017 WL 334440, ¶ 35.
{¶ 51} Nor is there evidence in the record showing that if the court had advised appellant any differently appellant would not have pled guilty and instead would have insisted on going to trial. Thus we find no evidence appellant was prejudiced and he does not point to any such evidence. Hendricks, supra, 2017-Ohio-259, 2017 WL 334440 at ¶ 36.
{¶ 52} The record demonstrates the trial court discussed the charges with appellant. Specifically, the court informed appellant of the elements of the offenses and the possible penalties that could result from the convictions. Appellant informed the trial court that he understood the charges and the possible penalties.
{¶ 53} The record further demonstrates that the court notified appellant of the constitutional and non-constitutional rights encompassed by Crim.R. 11(C)(2), and the effect that a guilty plea would have on such rights. Again, appellant told the court that he understood the effect of his guilty pleas.
{¶ 54} Finally, appellant argues the record proves he did not understand the charges he faced because his statements at the hearing "asserted complete defenses to Count I and Count II * * *." Appellant argues that his unsworn statements at the hearing create a "complete defense" to the count of attempted felonious assault in Count II, indicating appellant did not fully understand the nature of the Alford plea on that count. Notwithstanding the trial court's compliance with the prerequisites of Crim.R. 11(C)(2), appellant argues that his Alford plea should be invalidated based upon this misunderstanding.
{¶ 55} An Alford plea is a plea of guilty with a contemporaneous protestation of innocence. North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. A court may accept an Alford plea if the following requirements are met:
Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's *101 advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.
State v. Piacella, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), paragraph one of the syllabus.
{¶ 56} Upon discussion with the trial court and his attorney, appellant notified the court that he would be pleading guilty by way of an Alford plea (T. 10). The trial court again discussed with appellant the specific effect of an Alford plea and inquired as to whether appellant was entering the Alford plea voluntarily and knowingly (T. 10). Appellant informed the trial court that he understood the effect of his plea and that it was being made voluntarily and knowingly (T. 11-12). Thus, any inference that appellant did not make his Alford plea voluntarily is not well taken.
{¶ 57} We disagree with appellant's characterizations of his unsworn statements at the hearing; the statements do not constitute a "complete defense" to the charge. His protestations that he "* * *didn't mean to shoot anybody * * * ;" "* * *it was a fast reaction* * *;" and "it just happened" do not constitute a complete defense to felonious assault. "[U]nder these circumstances a reasonable jury, properly instructed, could have concluded that defendant's actions were strongly corroborative of his intent to cause physical harm to the officers by means of his deadly weapon." State v. Green , 58 Ohio St.3d 239, 242, 569 N.E.2d 1038 (1991).
{¶ 58} The amended charge of attempted felonious assault was substantiated by the evidence. R.C. 2903.11(A)(1) states, "No person shall knowingly * * * cause serious physical harm to another." Defense trial counsel stated on the record that an argument can be made that pointing a gun at someone, in the absence of any other act evidencing intent to cause physical harm, is aggravated menacing (T. 35-36). However, defense trial counsel further acknowledged that he and his client discussed the fact that if the testimony at trial corroborated evidence contained in the discovery, a factfinder could find appellant guilty of attempted felonious assault (T. 37). Therefore, the risk of trial vs. a plea to a lesser charge was to appellant's benefit.
{¶ 59} The record before us therefore demonstrates the trial court complied with the statutory prerequisites of Crim.R. 11(C)(2), and appellant entered his Alford plea to the amended Count II both voluntarily and knowingly. The record further confirms that appellant's counsel was present at the time of the plea and that his counsel's advice was competent. Further, the record establishes appellant entered an Alford plea to a lesser charge to avoid exposure to another first-degree felony. As discussed supra, the record fails to demonstrate that appellant was coerced into entering his Alford plea. The trial court explained to appellant the possible charges and penalties associated with each charge. Appellant told the trial court that he understood the charges and the penalties. Thus, appellant's Alford plea was made with an understanding of the nature of the charges.
{¶ 60} The record before us confirms that appellant's Alford plea was made voluntarily and knowingly, and the prosecution presented a sufficient factual basis for an attempted felonious assault charge.
{¶ 61} We find the record indicates appellant answered the trial court's questions at the plea hearing correctly and appropriately, and specifically affirmed that he understood *102 the nature of the charge against him. See State v. Thomas, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶ 38 (noting that the "[d]efendant showed that he understood the proceedings by meaningfully responding to each of the trial court's questions"). Appellant affirmed at the plea hearing that he had fully discussed the case with counsel, and indicated no confusion regarding the proceedings.
{¶ 62} Accordingly, under the circumstances of the case sub judice, the trial court did not abuse its discretion in finding no manifest injustice which would warrant the extraordinary step of withdrawing appellant's guilty pleas. We therefore affirm the trial court's decision overruling appellant's motions to withdraw his guilty pleas.
{¶ 63} Appellant's three assignments of error are overruled.
CONCLUSION
{¶ 64} Appellant's three assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.
Wise, John, J. and Baldwin, J., concur.

Appellee's statement of facts indicates appellant originally left the residence in a vehicle but ended up on foot as described infra.

Appellee dismissed the first firearm specification in Count I.