[Cite as *State v. Hutchison*, 2022-Ohio-219.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

RANDALL T. HUTCHISON

    Defendant-Appellant

JUDGES:
Hon. Earle E. Wise, Jr., P.J.
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 2021 CA 00078

O P I N I O N

CHARACTER OF PROCEEDINGS:      Appeal from the Licking County Court of Common Pleas, Case No. 15 CR 45

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 27, 2022

APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
Licking County Prosecutor

DARREN M. BURGESS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

RANDALL T. HUTCHISON
Toledo Correctional Institute
Inmate #A730337
2001 East Central Avenue
Toledo, Ohio 43608

*Hoffman, J.*

**{¶1}** Defendant-appellant Randall Hutchison appeals the judgment entered by the Licking County Common Pleas Court treating his filing captioned "motion to withdraw guilty pleas" as a petition for postconviction relief, and dismissing it as untimely filed and barred by res judicata. Plaintiff-appellee is the state of Ohio.

**{¶2}** The following facts are adduced from this Court's prior opinion in this case, *State v. Hutchison,* 5th Dist. Licking No. 16-CA-108, 2018-Ohio-200, 104 N.E.3d 91.

**{¶3}** On November 5, 2014 in the city of Newark, law enforcement prepared to execute a search warrant at 58 ½ Union Street during an investigation of Appellant's involvement in counterfeiting. Appellant left the residence and engaged in a confrontation with police, during which he discharged a firearm at Ptl. Jarrod Conley of the Newark Police Department. Ptl. Conley was struck in the arm and vest, causing serious physical harm. At the time of the shooting, Ptl. Conley was in uniform and had just exited a marked police car. Prior to this confrontation, Appellant had stated "he would engage in a shootout with police if he ever faced being re-arrested."

**{¶4}** After shooting Ptl. Conley, Appellant fled on foot, pursued by Det. Doug Bline, who was in plain clothes. Appellant became aware of Det. Bline's pursuit in the area of West Church Street; Appellant "raised his firearm directly at Det. Bline in such a fashion as to manifest a substantial step toward shooting at him * * *." Det. Bline struck Appellant with the vehicle he (Bline) was driving. Appellant's firearm was found at the scene.

**{¶5}** Appellant was charged by indictment as follows: Count I, felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the first degree; Count II, felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the first degree; Count III, improper handling

of firearms in a motor vehicle pursuant to R.C. 2923.16(B), a felony of the fourth degree; Count IV, violation of a protection order pursuant to R.C. 2919.27(A)(1) and/or (2) and (B)(4), a felony of the third degree; County V, forgery pursuant to R.C. 2913.31(A)(3), a felony of the fifth degree; Count VI, possession of criminal tools pursuant to R.C. 2923.24(A), a felony of the fifth degree. Count I is accompanied by firearm specifications pursuant to R.C. 2941.1412 and R.C. 2941.145; Count II is accompanied by a firearm specification pursuant to R.C. 2941.145.  Appellant entered pleas of not guilty.

{¶6}　After being found competent to stand trial, Appellant entered negotiated pleas of guilty to Count I, felonious assault of a police officer, and the second accompanying firearm specification on Count III, improper handling of a firearm in a motor vehicle; Count IV, violation of a protection order; Count V, forgery; and Count VI, possession of criminal tools. Appellant entered an *Alford* plea to Count II, which was amended to attempted felonious assault pursuant to R.C. 2903.11(A)(1) and 2923.02, a felony of the third degree, and the accompanying firearm specification. The trial court sentenced Appellant to an aggregate prison term of 20 years, to be served consecutively to a federal prison term Appellant was serving in an unrelated matter.

{¶7}　On October 31, 2016, appellant filed a pro se motion to withdraw his guilty plea, arguing he blacked out and had no memory of telling defense trial counsel he acquiesced to the negotiated pleas of guilty. Appellee responded with a memorandum and affidavit in opposition on November 3, 2016. Appellant filed second and third (separate) pro se motions to withdraw his guilty plea on November 10, 2016. Appellee responded with a supplemental memorandum in opposition on November 15, 2016.

**{¶8}** On November 29, 2016, the trial court overruled Appellant's motions to withdraw his plea, Appellant appealed this judgment to this Court. We affirmed, finding no error in the plea proceedings or the trial court's judgment overruling his motion to withdraw his plea. *Id.*

**{¶9}** On March 18, 2020, Appellant filed a motion to withdraw his guilty plea, alleging various improprieties by government officials involved in his case. The trial court found this document to be an untimely petition under R.C. 2953.21, thus impliedly finding the filing to be a petition for post-conviction relief despite its caption as a motion to withdraw the plea. The trial court further found Appellant's claims barred by res judicata, and overruled Appellant's motion by judgment filed September 13, 2021.

**{¶10}** Appellant filed an appeal to this Court. His merit brief filed with this Court includes no assignments of error. He requested the Clerk of Courts put a new cover page on a document he filed with the Common Pleas Court on July 19, 2021, and file it with this Court as his appellate brief. Upon review of this filing, we find while that document contains 36 assignments of error, such assignments relate to the overall validity of his convictions and includes voluminous evidence outside the record before this Court on appeal, which he asserts demonstrates his innocence and the misconduct of government officials. This document does not assign error to the trial court's judgment of September 13, 2021, but rather is in the nature of a petition for post-conviction relief.

**{¶11}** We have reviewed the proceedings in the trial court as related to the March 18, 2020 motion filed by Appellant, and find no error in the trial court's judgment overruling the motion as an untimely petition for post-conviction relief, barred by res judicata.

**{¶12}** The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, J.

Wise, Earle, P.J.  and

Delaney, J. concur