[Cite as *State v. Haser*, 2022-Ohio-4375.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2022-0074 |
| DONALD HASER | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. CR2020-0094


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    December 6, 2022


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RON WELCH      DONALD HASER
PROSECUTING ATTORNEY      PRO SE
JOHN CONNOR DEVER      CHILLICOTHE CORR. INSTITUTE
ASSISTANT PROSECUTOR      P. O. Box 5500
27 North Fifth Street, P. O. Box 189      Chillicothe, Ohio 45601
Zanesville, Ohio 43702

*Wise, John, J.*

**{¶1}** Defendant-Appellant Donald Haser appeals his conviction and sentence from the Muskingum County Court of Common Pleas for one count of Aggravated Burglary in violation of R.C. §2911.11(A)(1), and one count of Domestic Violence in violation of R.C. §2919.25(A). Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On January 28, 2020, officers with the Zanesville Police Department were dispatched to a residence at 567 Hedgewood Avenue. The caller indicated that a female named A.A. was inside the residence and was being shot numerous times with a BB gun by Appellant, who was on the trespass list for 567 Hedgewood Avenue.

**{¶3}** Officers arrived and contacted A.A. She had visible injuries to the back of her neck, as well as the back of her legs. She told officers that Appellant had shot her numerous times with a BB gun and dragged her around the basement.

**{¶4}** The officers then spoke with a witness, Eileen Stout, who indicated that she was in the basement when she heard the basement door kicked open. Ms. Stout advised that Appellant was tightly grasping A.A. by the top of her head around her hair and dragged her down the stairs into the basement. She indicated that A.A. was repeatedly asking Appellant to stop, telling him that it hurt. Appellant then hit A.A. with a closed fist and pushed her across the room. Ms. Stout then exited the basement area returning upstairs.

**{¶5}** Appellant has six prior convictions for domestic violence.

**{¶6}** Appellant was subsequently arrested.

{¶7}    On February 12, 2020, Appellant was indicted on one count of Aggravated Burglary, a felony of the first degree, in violation of R.C. §2911.11(A)(1), one count of Domestic Violence (two or more priors), a felony of the third degree, in violation of R.C. §2919.25(A), one count of Kidnapping, a felony of the first degree, in violation of R.C. §2905.01(A)(3), and one count of Felonious Assault, a felony of the second degree, in violation of R.C. §2903.11(A)(1).

{¶8}    On April 6, 2020, pursuant to a negotiated plea deal, Appellant pled guilty to the counts of Aggravated Burglary and Domestic Violence.

{¶9}    On April 27, 2020, a sentencing hearing was held. On the count of aggravated burglary, the trial court sentenced Appellant to a minimum term of 11 years, but up to 16.5 years in prison. On the count of domestic violence, Appellant was sentenced to 36 months. The trial court ordered the sentences to run consecutively for a minimum sentence of 14 years and a maximum of 19.5 years.

{¶10}  Appellant timely appealed the conviction of sentence allowing the trial court erred in sentencing, and that he received ineffective assistance of counsel.

{¶11}  On February 19, 2021, this Court affirmed the trial court's decision

{¶12}  On August 19, 2021, Appellant filed a Motion to Withdraw his guilty plea.

{¶13}  On August 23, 2021, the trial court denied the motion.

### Assignments of Error

{¶14}  Appellant timely filed a notice of appeal and herein raises the following three Assignments of Error.

{¶15}  "I. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS TO SUBSTANTIVE DUE PROCESS AND

EQUAL PROTECTION OF THE LAW WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING IN LIGHT OF THE FACTS ALLEGED THAT HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DURING THE PRE-TRIAL INVESTIGATIVE, AND ADVISORY STAGES OF THE CRIMINAL PROCESS IN VIOLATION OF HIS 5TH, 6TH, AND 14TH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTIONS [SIC].

{¶16} "II. APPELLANT SUBMITS THAT THE TRIAL COURT HAS DENIED HIM SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION OF THE LAW IN VIOLATION OF HIS 1ST, 5TH, AND 14TH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTIONS [SIC] BY REFUSING TO PROVIDE APPELLANT WITH FINDINGS OF FACTS AND CONCLUSIONS OF LAW WHEN DENYING HIS MOTION TO WITHDRAW HIS GUILTY PLEA, SO THAT MEANINGFUL APPELLATE REVIEW MAY OCCUR.

{¶17} "III. APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [SIC] WHEN IT ACCEPTED THE APPELLANT'S GUILTY PLEA TO THE CHARGE OF AGGRAVATED BURGLARY WHEN THE APPELLANT COULD NOT HAVE LEGALLY BEEN FOUND GUILTY OF SAID CHARGE BY THE JURY OR COURT BASED UPON FACTS OR EVIDENCE."

**I.**

**{¶18}** In Appellant's first Assignment of Error, Appellant argues the trial court abused its discretion by denying Appellant's post-sentence motion to withdraw his guilty plea. We disagree.

**{¶19}** Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Though Crim.R. 32.1 does not expressly require an evidentiary hearing, a hearing is only required if the facts alleged in the motion are accepted as true by the trial court, and those facts would require that the plea be withdrawn. *State v. Smith*, 1st Dist. Hamilton No. C-180081, 2019-Ohio-3642, ¶34. The decision to hold a hearing is left to the sound discretion of the trial court. *Id.* In *Smith*, the defendant, as well as his attorney, submitted affidavits demonstrating that, because of defendant counsel's drug addiction, he was incapable of functioning as counsel under the Sixth Amendment. *Id.* at ¶42. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* 5th Dist. Licking No.09-CA-132, 2010-Ohio-2566, ¶60, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

**{¶20}** The defendant must support the allegations made in his motion to withdraw a guilty plea with affidavits and/or the record. *State v. Hutchinson*, 5th Dist. Licking No. 16-CA-108, 2018-Ohio-200, 104 N.E.3d 91, ¶43. The defendant is "not entitled to a hearing where he or she failed to provide evidentiary-quality materials raising sufficient operative facts which would entitle the defendant to the requested relief." *Id.* The

defendant must present evidence which meets a minimum level of cogency to support his or her motion. *Id.* A self-serving affidavit or statement is generally insufficient to demonstrate manifest injustice. *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶20.

**{¶21}** In *Hutchinson*, on October 18, 2016, the defendant pleaded guilty to: felonious assault of a police officer and the second accompanying firearm specification; improper handling of a firearm in a motor vehicle; violation of a protection order; forgery; and possession of criminal tools. *Id.* at ¶19. Appellant entered an Alford plea to Count II, which was amended to attempted felonious assault and the accompanying firearm specification. *Id.*

**{¶22}** Between October 31, 2016, and November 15, 2016, the defendant filed a series of motions to withdraw his guilty plea, arguing he blacked out and had no memory of telling his trial counsel he agreed to the plea agreement. *Id.* at ¶¶20-21.

**{¶23}** The prosecution responded to these motions on November 3, 2016, and November 17, 2016. *Id.* at ¶¶21-22.

**{¶24}** On November 29, 2016, the trial court entered a "Decision and Order Denying Defendant's Motions to Withdraw Guilty Pleas." *Id.* at ¶24.

**{¶25}** This Court held a petitioner's self-serving affidavit does not meet the minimum level of cogency. *Id.*at ¶43. "[A] trial court may assess the credibility of a movant's assertions." *Id.* at ¶44.

**{¶26}** Based on a review of the complete record, Appellant's claims of debilitating anxiety are not supported by substantive evidence. Appellant made a series of self-serving statements without corroboration that his counsel was ineffective.

**{¶27}** We find no manifest injustice occurred requiring the trial court to set aside the judgment. Therefore, the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his guilty plea.

**{¶28}** Appellant's first Assignment of Error is overruled.

## II.

**{¶29}** In Appellant's second Assignment of Error, Appellant argues the trial court erred by not providing findings of fact and conclusions of law when denying Appellant's Motion to Withdraw Guilty Plea. We disagree.

**{¶30}** In *State ex rel. Chavis v. Griffin*, 91 Ohio St.3d 50, 741 N.E.2d 130, 132 (2001), the Supreme Court of Ohio held, Crim.R. 32.1 does not require the trial court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea.

**{¶31}** Based on the foregoing, the trial court did not err when it denied Appellant's Motion to Withdraw Guilty without issuing findings of fact or conclusions of law.

**{¶32}** Appellant's second Assignment of Error is overruled.

## III.

**{¶33}** In Appellant's third Assignment of Error, Appellant argues the trial court erred by accepting his guilty plea when Appellant could not have been found guilty based on the facts of the case. We disagree.

**{¶34}** Appellant's third Assignment of Error is barred by *res judicata* and could have been brought on direct appeal of the sentence, rather than as an appeal of a motion to withdraw guilty plea.

**{¶35}** Under the doctrine of *res judicata*, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶36}** We decline to address the issue of whether or not the trial court should have initially accepted Appellant's guilty plea which Appellant bootstrapped to an appeal of the Motion to Withdraw Guilty Plea.

**{¶37}** Appellant's third Assignment of Error is overruled.

**{¶38}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Hoffman, J., concur.


JWW/br 1202