[Cite as *State v. Hubal*, 2023-Ohio-4100.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| TIMOTHY A. HUBAL, JR. | : | Case No. 23-CAA-09-0050 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Court of Common
                   Pleas, Case No. 11 CRI 10 0536

JUDGMENT:          Affirmed

DATE OF JUDGMENT:      November 14, 2023

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

MELISSA A. SCHIFFEL       TIMOTHY A. HUBAL, PRO SE
KATHERYN L. MUNGER      #A-#A-614-730
145 North Union Street, 3rd Floor   Belmont Correctional Institution
Delaware, OH  43015       P.O. Box 540
                  St. Clairsville, OH  43950

*King, J.*

{¶ 1}   Defendant-Appellant, Timothy A. Hubal, Jr., appeals the August 16, 2023 judgment entry of the Court of Common Pleas of Delaware County, Ohio, denying his motion for postconviction relief and motion to withdraw his plea.  Plaintiff-Appellee is the state of Ohio.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 25, 2011, the Delaware County Grand Jury indicted Hubal on five counts of rape in violation of R.C. 2907.02, five counts of unlawful sexual contact with a minor in violation of R.C. 2907.04, and two counts of gross sexual imposition in violation of R.C. 2907.05 (Case No. 11 CRI 03 0175).  The charges involved two different minors, Jane Doe and Mary Doe.

{¶ 3}   On October 7, 2011, the Delaware County Grand Jury indicted Hubal on five counts of rape in violation of R.C. 2907.02, four counts of gross sexual imposition in violation of R.C. 2907.05, one count of felonious assault in violation of R.C. 2903.11, and one count of domestic violence in violation of R.C. 2919.25 (Case No. 11 CRI 10 0536). The charges arose from incidents involving a second Jane Doe ("Jane 2"), Hubal's minor stepdaughter.

{¶ 4}   On October 27, 2011, Hubal filed a motion in limine to exclude the video recording of Jane 2 taken at the Nationwide Children's Hospital Child Assessment Center, claiming the interview was taken for investigatory purposes.  Before a ruling was entered, on November 2, 2011, Hubal entered pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1971), to one count of unlawful sexual contact and one count of gross sexual imposition in Case No. 11 CRI 03 0175, and one count of rape

in Case No. 11 CRI 10 0536; one offense for each victim.[1]  The remaining twenty charges were dismissed.  By judgment entry filed on the same date, the trial court sentenced Hubal to the jointly recommended sentence, an aggregate term of life imprisonment with parole eligibility after twenty-five years.

{¶ 5}  On April 16, 2012, Hubal filed a motion for leave to file a delayed appeal, claiming he was told he did not have the right to an appeal.  By judgment entry filed May 21, 2012, this court denied the motion.

{¶ 6}  On July 26, 2023, Hubal filed in Case No. 11 CRI 10 0536 a pro se motion to vacate or set aside judgment of conviction pursuant to R.C. 2953.21 and withdraw his *Alford* plea under Crim.R. 32.1.  Hubal argued his plea was induced by trial counsel's false representations and counsel's failure to properly investigate the evidence prior to pressuring him to make the *Alford* plea.  Attached to the motion were his affidavit, and an affidavit and deposition of Jane 2.  In the affidavit dated June 12, 2023, and the deposition taken on September 22, 2022, Jane 2 claimed she was coached by her mother to make false allegations against her stepfather Hubal and he never committed the offenses she accused him of.  Her deposition was taken when she was twenty years old.  She had made the original allegations when she was about six or seven years old.  By judgment entry filed August 16, 2023, the trial court denied the motion.

{¶ 7}  Hubal filed an appeal with the following assignments of error:

---

[1]A transcript of the plea hearing was not submitted to the trial court.  A motion to supplement the appellate record with the transcript was denied by this court.  *See* Judgment Entry filed October 16, 2023.

I

{¶ 8}   "TRIAL COURT ERRED BY DECIDING THAT THE APPELLANT HAD NOT ALLEGED THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF THE FACTS."

II

{¶ 9}   "TRIAL COURT DID NOT APPLY THE OHIO SUPREME COURT'S STANDARD FOR REVIEWING AFFIDAVITS WITHOUT AN EVIDENTIARY HEARING."

III

{¶ 10} "TRIAL COURT FAILED TO APPLY THE SUPREME COURT'S RECENT CLARIFICATION OF OHIO LAW AS HELD IN *STATE V BETHEL, 167 OHIO ST. 3D 362.* *THE TRIAL COURT DID NOT APPLY A STANDARD OF REVIEW OR APPLIED THE WRONG STANDARD OF REVIEW.*"

I

{¶ 11} In his first assignment of error, Hubal claims the trial court erred in finding he had not alleged that he was unavoidably prevented from discovery of the facts.  We disagree.

{¶ 12} Under R.C. 2953.23(A)(1), a trial court may not entertain a petition for postconviction relief filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal" [R.C. 2953.21(A)(2)(a)] unless the "petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief."

{¶ 13} Hubal filed his motion over eleven years after the expiration of the time for filing an appeal; therefore, he was required to show he was unavoidably prevented from discovery of the facts upon which he relies.

{¶ 14} In his July 26, 2023 motion, Hubal argued his plea was induced by trial counsel's false representations and trial counsel's failure to properly investigate the evidence prior to pressuring him to make the *Alford* plea. Attached to the motion were his affidavit, and the affidavit and deposition of Jane 2, claiming she had been coached by her mother to make false accusations against Hubal and he never committed the offenses she accused him of. At the time of her deposition, Jane 2 was twenty years old; she made the original allegations when she was about six or seven years old.

{¶ 15} In the August 16, 2023 judgment entry denying Hubal's motion for postconviction relief, the trial court found Hubal did not allege he was unavoidably prevented from discovery of the facts upon which he relies; therefore, he's barred from raising an untimely postconviction claim.

{¶ 16} In his appellate brief at 8, Hubal concedes the words "was unavoidably prevented from discovery of the facts" were not included in his original motion to the trial court, but argues the documents he filed with his motion "did in fact meet the requirement of ORC 2953.23 A (1)."

{¶ 17} We concur with the trial court's reasoning. In his motion, Hubal argued the attachments demonstrate his trial counsel should have pursued a reasonable investigation and personally interviewed Jane 2 as opposed to just reviewing her video recorded hospital interview. Hubal argued if trial counsel had fully investigated the allegations, counsel would have elected to sever the charges involving Jane 2 from the

other charges; he argued trial counsel's failures induced him to make an involuntary and unintelligible *Alford* plea. The root of Hubal's arguments was ineffective assistance of counsel for failure to conduct a full investigation causing him to make an *Alford* plea that was not voluntary and intelligent; these issues could have been raised on direct appeal, but were not.

{¶ 18} Upon review, we find the trial court did not err in finding Hubal did not allege that he was unavoidably prevented from discovery of the facts.

{¶ 19} Assignment of Error I is denied.

II

{¶ 20} In his second assignment of error, Hubal claims the trial court did not apply the Supreme Court of Ohio's standard for reviewing affidavits without an evidentiary hearing. We disagree.

{¶ 21} In his appellate brief at 9, Hubal argues the trial court failed to "include an explanation of its basis for discounting the credibility of the sworn statements and sworn deposition," disregarding the standard announced in *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

{¶ 22} In *Calhoun,* the Supreme Court of Ohio held the following at syllabus:

1. In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.

2. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.

3. A trial court properly denies a petition for postconviction relief, made pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence.

{¶ 23} In the case sub judice, the trial court did not deny Hubal's motion for postconviction relief on substantive grounds, but because he failed to meet the standard for an untimely filing as discussed in Assignment of Error I. *Calhoun* does not apply to the facts in this case.

{¶ 24} Hubal also argues the trial court erred in denying him an evidentiary hearing. It appears he is making this argument in reference to his motion to withdraw his *Alford* plea.

{¶ 25} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The rule is silent as to holding an evidentiary hearing.

Therefore, the decision whether to hold a hearing is discretionary and may be reversed on appeal only if the court abused its discretion. *State v. Brown*, 1st Dist. Hamilton No. C-010755, 2002-Ohio-5813, ¶ 20.

{¶ 26} A defendant seeking to withdraw a post-sentence plea "bears the burden of establishing manifest injustice based on specific facts contained in the record or supplied through affidavits attached to the motion." *State v. Walsh*, 5th Dist. Licking No.14-CA-110, 2015-Ohio-4135, ¶16, citing *State v. Graham*, 5th Dist. Delaware No. 12 CAA 11 0082, 2013-Ohio-600. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* 5th Dist. Licking No.09-CA-132, 2010-Ohio-2566, ¶60, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶ 27} A defendant must support the allegations made in a motion to withdraw a plea with affidavits and/or the record. *State v. Hutchinson*, 5th Dist. Licking No. 16-CA-108, 2018-Ohio-200, 104 N.E.3d 91, ¶43. A defendant is "not entitled to a hearing where he or she failed to provide evidentiary-quality materials raising sufficient operative facts which would entitle the defendant to the requested relief." *Id.* A defendant must present evidence which meets a minimum level of cogency to support his or her motion. *Id.*

{¶ 28} In his July 26, 2023 motion, Hubal sought to withdraw his *Alford* plea because his plea was not voluntarily and intelligently made due to his trial counsel's ineffectiveness in failing to fully investigate Jane 2's allegations against him. He argues

in his appellate brief at 13 that he was misinformed "about the circumstances of his guilty plea" which constitutes a manifest injustice. Attached to the motion were Hubal's affidavit, and the affidavit and deposition of Jane 2. In her affidavit and her deposition, Jane 2 recanted statements she had made as a child in her video recorded hospital interview accusing Hubal of committing sexual offenses against her. She stated "other men" had committed the offenses. Hubal argued had his trial counsel interviewed her at the time of the plea, counsel could have properly advised him as to the evidence the state had and how it could have been challenged at trial.

{¶ 29} In the August 16, 2023 judgment entry denying Hubal's motion to withdraw his plea, the trial court reviewed the affidavits and found Hubal's claim of manifest injustice not to be credible:

Despite the defendant's allegations, his attorney was not someone who failed to investigate issues in criminal cases and was not a lawyer who failed to speak to relevant witnesses. I do not find credible any claim by the defendant that his attorney failed to discuss with him possible defenses to the charge, that the attorney "browbeat" the defendant, or that the attorney "misinformed" him about the law.

.

{¶ 30} There is no indication in the record that at the time of the *Alford* plea, Hubal's plea was not knowingly, voluntarily, and intelligently made which was the basis of his motion to withdraw his plea. Consequently, Hubal has not shown a manifest injustice.

{¶ 31} Upon review, we find the trial court did not abuse its discretion in denying Hubal's motion to withdraw his plea without holding an evidentiary hearing.

{¶ 32} Assignment of Error II is denied.

III

{¶ 33} In his third assignment of error, Hubal claims the trial court failed to apply the Supreme Court of Ohio's recent clarification in *State v. Bethel,* 167 Ohio St.3d 362, 2022-Ohio-783,192 N.E.3d 470.  We disagree.

{¶ 34} In his appellate brief at 12, Hubal argues the trial court erroneously placed significant importance on the lengthy delay in filing a motion to withdraw plea.  He argues the trial court erred in failing to follow *Bethel* wherein the Supreme Court held it is not within a trial court's discretion to deny a motion for new trial under Crim.R. 33 for failure to file the motion within a reasonable time.  Hubal's motion was to withdraw his plea under Crim.R. 32.1; therefore, *Bethel* does not apply.

{¶ 35} Further, *Bethel* involved a *Brady* claim pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (the state suppressed evidence from the defendant).  Hubal argues *Brady* applies because the state withheld "evidence that was material and exculpatory."  He does not state what evidence was withheld; we do not find a *Brady* violation.  If Hubal is referring to Jane 2's recent recantation and that the sexual offenses were committed by "other men," that information was not known to the state eleven years ago; the state could not have withheld evidence it did not have.

{¶ 36} Crim.R. 32.1 does not provide for a time limit after sentencing during which a motion to withdraw a plea must be made; however, "it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). Hubal argues the "occurrence of the alleged cause for withdrawal" was Jane 2's recantation in 2022, but his arguments all go to trial counsel's ineffectiveness at the time of the plea.

{¶ 37} Although the trial court stated that it did consider the nearly twelve-year delay in filing a motion to withdraw from the plea date, it went on to make a determination on the credibility of Hubal's claims as discussed in Assignment of Error II.

{¶ 38} Upon review, we do not find the trial court used an incorrect standard in determining the credibility of Hubal's claims.

{¶ 39} Assignment of Error III is denied.

{¶ 40} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By King, J.

Hoffman, P.J. and

Wise, J. concur.

AJK/db