[Cite as *State v. Luna*, 2020-Ohio-3211.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

Appellee

v.

Michael Kendall Luna

Appellant

Court of Appeals Nos. H-18-016
H-18-017

Trial Court Nos. CRI 2017-0307
CRI 2018-0327

**DECISION AND JUDGMENT**

Decided: June 5, 2020

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Bambi S. Couch, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} In this consolidated appeal, appellant, Michael Luna, appeals the September 4, 2018 judgment entry of the Huron County Court of Common Pleas sentencing appellant to three years of community control, up to a six-month term at Community Based Correctional Facility ("CBCF"), and a 90-day sentence in the Huron County Jail after appellant pled guilty to one

count of trafficking in drugs and one count of failure to appear. Because appellant waived any errors in the indictment by entering his *Alford* plea, we affirm the trial court's judgment.

{¶ 2} On or about September 19, 2016, police arranged for a confidential informant to buy marijuana from appellant. Police officers observed the informant entering a residence that was known to be appellant's home. The confidential informant bought marijuana from appellant for $25 and recorded the entire transaction. The recording of the transaction revealed that appellant discussed the specifics of the transaction including the amount of drugs to be sold and the amount charged to the confidential informant. The drugs purchased by the confidential informant weighed 4.94 grams and contained marijuana.

{¶ 3} On March 27, 2017, appellant was indicted on two counts of trafficking in drugs, felonies of the fifth degree, in violation of R.C. 2925.03(A)(1) and 2925.03(C)(3)(a) in case No. CRI 2017-0307. The matter was scheduled for trial on November 14, 2017, but appellant failed to appear despite receiving notice of the trial date. A warrant was issued for his arrest, after which appellant was indicted. On December 4, 2017, appellant was then indicted on one count of failure to appear, a felony of the fourth degree, in violation of R.C. 2937.99(A) and (B) in case No. CRI 2018-0327.

{¶ 4} On July 16, 2018, pursuant to a plea agreement, appellant entered an *Alford* plea to one count of trafficking in drugs in case No. CRI 2017-0307 and the count of failure to appear in case No. CRI 2018-0327. Appellee dismissed the first count of trafficking in drugs. As part of the plea agreement, the parties agreed to a joint recommendation for sentencing. Based on this joint recommendation, the trial court sentenced appellant to three years of community control, up to a six-month term at CBCF, and a 90-day sentence at the Huron County Jail.

2.

{¶ 5} Appellant timely appealed his convictions.

{¶ 6} Appellant argues that his indictment contained charges "that do not constitute offenses in Ohio." He then argues that because the indictment was defective, he could not have entered a knowing, voluntary, and intelligent plea. Appellant also argues that the trial court did not have subject-matter jurisdiction and that he did not receive effective assistance of counsel due to these errors in the indictment.

{¶ 7} Appellant brings forth three assignments of error for our review:

I. The trial court did not have subject matter jurisdiction to convict and sentence Appellant due to the void indictment issued in case number CRI 20170307, which violated Appellant's right to an indictment under Article I, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

II. Appellant's guilty plea was not knowingly, voluntarily, and intelligently entered due to the void indictment issued in case number CRI 20170307, in violation of Appellant's right to Due Process and Equal Protection under the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

III. The failure of Appellant's trial counsel to make a motion to dismiss the void indictment issued in case number CRI 20170307 constituted ineffective assistance of counsel, in violation of Appellant's

3.

right to Due Process and to counsel under the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## Law

{¶ 8} "An Alford plea is a plea of guilty with contemporaneous protestation of innocence." *State v. Hutchison*, 2018-Ohio-200, 104 N.E.3d 91, ¶ 55 (5th Dist.), citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A guilty plea is a complete admission of the defendant's guilt and by entering such a plea, the defendant admits guilt of the substantive crime. (Citations omitted). *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 23 (1st Dist.). "Thus, when the defense or right asserted by a defendant relates solely to the capacity of the state to prove a defendant's factual guilt, it is subsumed by the defendant's guilty plea." *Id*. at ¶ 25. "Therefore, a criminal defendant who pleads guilty is limited on appeal; '[h]e may only attack the voluntary, [knowing,] and intelligent character of the guilty plea' and 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *Id*., quoting *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992).

## Analysis

{¶ 9} Appellant's arguments center on whether the indictment was void because of its alleged defects. Although appellant argues that our review of the issues in the indictment is a plain error review, appellant waived all defects in the indictment when appellant entered his *Alford* plea. As such, our review is limited to whether the plea hearing reflects that appellant entered his plea knowingly, voluntarily, and intelligently.

4.

**{¶ 10}** Appellant presents no evidence that appellant's plea was not voluntarily, knowingly, or intelligently made. A reading of the transcript of appellant's plea hearing demonstrates that the trial court followed the requisites of Crim.R. 11 and appraised appellant of the ramifications of his *Alford* plea. Appellant was informed of the possible punishments he faced, what rights he was waiving by entering his *Alford* plea, and ensured that appellant received effective assistance of counsel. Appellant fails to present any other argument that would demonstrate a manifest injustice, which would permit the trial court to withdraw his *Alford* plea. Accordingly, the court finds appellant's assignments of error not well-taken and they are denied.

**{¶ 11}** We find appellant's assignments of error not well-taken. The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____

Thomas J. Osowik, J.                  JUDGE

Gene A. Zmuda, P.J.                 _____
CONCUR.                                     JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.