[Cite as *State v. Williams*, 2022-Ohio-2812.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-21-1152

      Appellee                                         Trial Court No.  CR0202002242

v.

Melvin Williams                                   **DECISION AND JUDGMENT**

      Appellant                                        Decided:  August 12, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Melvin Williams, appeals the July 28, 2021 judgment of the Lucas County Court of Common Pleas, convicting him of aggravated burglary and sentencing him to an indefinite prison term of a minimum of four years and a maximum of six years.  For the following reasons, we affirm.

## I.  Background and Facts

{¶ 2} Melvin Williams entered a plea of no contest to one count of aggravated burglary, a violation of R.C. 2911.11(A)(1) and (B), a first-degree felony.  Williams was sentenced under Senate Bill 201, known as the Reagan Tokes Law, to an indefinite term of a minimum of four years in prison and a maximum of six years.  His conviction was memorialized in a judgment journalized on July 28, 2021.

{¶ 3} Williams appealed.  He assigns five errors for our review:

1.  The Constitutional Challenges to S.B. 201 are Ripe for Review.

2.  The Trial Court Committed Reversable [sic] Error When It Overrule[d] Appellant's Trial Counsel [sic] Objection When It Sentence[d] Appellant Pursuant To Senate Bill 201 ("S.B. 201") AND O.R.C. 2929.144 Violates The Constitutional Doctrine Of The Separation Of Powers.

3.  The Trial Court improperly overruled Appellant's Trial Counsel [sic] Objection of Senate Bill 201 ("S.B. 201") and []R.C. 2929.144 as it Violates Appellants [sic] Right to Trial by Jury as protected by the Sixth Amendment of the United States Constitution and Article I, Section 5 of the Ohio Constitution.

4.  The Trial Court Committed Reversable [sic] Error When It Overrule[d] Appellant Trial Counsel's Object[ion] to S.B. 201 Because The Judgment Violates The Appellant's Due Process Rights Pursuant To The

Fifth and Fourteenth Amendments Of The United States Constitution As It Relates To The Indefinite Sentence.

5. Appellant Received Ineffective Assistance Of Counsel When Counsel Failed To Preserve the Objection To Appellant Being Sentenced By An Unconstitutional Statute Of The Indefinite Sentence.

## II.    Law and Analysis

{¶ 4} Williams's assignments of error relate to his various challenges to the constitutionality of the Reagan Tokes Law, which became effective on March 22, 2019. The Law implemented an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date. *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213 ¶ 5, fn. 1. It specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, but the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, it may maintain the offender's incarceration for a reasonable,

3.

additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D).

{¶ 5} In his first assignment of error, Williams contends that constitutional challenges to the Reagan Tokes Law are ripe for review. In his second assignment of error, he challenges the Law on the basis of the constitutional doctrine of separation of powers. In his third assignment of error, he argues that the Law violates the constitutional right to a trial by jury. In his fourth assignment of error, he challenges the Law on due process grounds. And in his fifth assignment of error, he claims that trial counsel was ineffective for failing to object to the constitutionality of the Law at sentencing. We address each of these assignments in turn.

## A. Ripeness

{¶ 6} In his first assignment of error, Williams argues that constitutional challenges to the Reagan Tokes Law are ripe for review. On March 16, 2022—about six weeks after Williams submitted his brief on appeal—the Ohio Supreme Court decided *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, ¶ 1, which concluded that challenges to the constitutionality of the Reagan Tokes Law are, in fact, ripe for review on direct appeal of the offender's conviction and prison sentence.

{¶ 7} Accordingly, we find Williams's first assignment of error well-taken.

## B. Separation of Powers

{¶ 8} In his second assignment of error, Williams argues that the Reagan Tokes Law violates the constitutional doctrine of separation of powers because it divests the judicial branch of its authority to prosecute and sentence offenders and instead vests this power in the executive branch. The state responds that because the trial court sentences the offender to both a minimum and maximum prison term and ODRC cannot extend the prison sentence beyond the maximum term originally imposed by the court, the Law does not violate the constitutional doctrine of separation of powers. It cites as authority Ohio Supreme Court case law upholding the constitutionality of other statutes that grant similar discretion to the Adult Parole Authority.

{¶ 9} We recently addressed this argument in *State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620, *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2022-Ohio-2606, and several other recent cases. In those cases, we concluded that the Reagan Tokes Law does not violate the constitutional doctrine of separation of powers.

{¶ 10} Put simply, in *Gifford, Stenson,* and *Bothuel,* we compared the authority granted to ODRC under the Reagan Tokes Law to other similar statutory schemes that the Ohio Supreme Court has upheld, most notably parole and postrelease control. *See Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000) (upholding postrelease control statute despite discretion granted to executive branch); *State ex rel. Atty. Gen. v. Peters*,

43 Ohio St. 629, 646, 4 N.E. 81 (1885) (finding no violation of separation of powers in "act providing for parol of convicts," which vested discretion in executive branch); *McDougle v. Maxwell*, 1 Ohio St.2d 68, 71, 203 N.E.2d 334 (1964) (recognizing that "[t]he granting of parole and the final release of prisoners is the function of the Pardon and Parole Commission * * * as is the supervision of those on parole * * *" and noting that "[w]hether a prisoner should be released before he has served his maximum sentence is an administrative not a judicial matter.").

{¶ 11} We recognized that there are strong similarities between the authority of the judiciary and executive branches under the Reagan Tokes Law and their authority under the systems of parole and postrelease control that the Ohio Supreme Court upheld in *Woods* and supported in *McDougle* and *Peters*.

{¶ 12} Under the Reagan Tokes Law, the trial court imposes a minimum sentence and a maximum sentence. While R.C. 2967.271(C) and (D) permit ODRC to "maintain" an offender's incarceration for "additional"—and "reasonable"—periods beyond the prisoner's presumptive minimum term, under no circumstances may ODRC "increase" the prisoner's sentence beyond the maximum sentence imposed by the trial court. As such, the executive agency does not impede the function of the judicial branch, and the constitutional doctrine of separation of powers is not violated. *See Gifford* at ¶ 36; *Stenson* at ¶ 20; *Bothuel* at ¶ 20.

6.

**{¶ 13}** Accordingly, we find Williams's second assignment of error not well-taken.

## C. Right to Trial by Jury

**{¶ 14}** Williams argues that the Reagan Tokes Law violates the constitutional right to a trial by jury. He contends that the law permits ODRC to increase a sentence without allowing the court or a jury to consider the facts or the offender's conduct, thereby contravening U.S. Supreme Court authority, including *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The state responds that the Law does not violate the right to a trial by jury because the sentence is still determined by a court based upon findings made by the trier of fact, and ODRC merely administers the judicially-imposed sentence. The state also contends that Williams waived this assignment of error when he entered a guilty plea.

**{¶ 15}** The right to a trial by jury is protected by the Sixth Amendment to the U.S. Constitution and Article I, Section 5, of the Ohio Constitution. In *Apprendi*, the U.S. Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id*. at 492. In *Ring*, the Court held that the presence or absence of aggravating factors required for imposition of

7.

the death penalty must be found by a jury. *Id.* at 609. And in *Blakely*, the Court held that the right to a trial by jury was violated where the defendant was subject to a prison term of three years more than the statutory maximum based on a finding of "deliberate cruelty" made by the trial judge and not a jury. *Id.* at 305.

{¶ 16} As we recognized in *Bothuel*, 6th Dist. Lucas No. L-20-1053, 2022-Ohio-2606, under the Reagan Tokes Law, there are no circumstances under which ODRC may increase punishment beyond the maximum term permitted by statute or imposed by the sentencing court. Any additional period of incarceration imposed under the Law may not exceed the maximum term imposed by the sentencing court. *See* R.C. 2967.271(D)(1) ("The additional period of incarceration * * * shall not exceed the offender's maximum prison term."). We concluded, therefore, that the Law does not run afoul of the principals announced in *Apprendi*, *Ring*, or *Blakely*, and does not violate the constitutional right to a trial by jury. We reach the same conclusion here.

{¶ 17} Accordingly, we find Williams' third assignment of error not well-taken.

### D. Due Process

{¶ 18} In his fourth assignment of error, Williams argues that the Reagan Tokes Law violates his due-process rights. He claims that the Law is void for vagueness, fails to provide any restrictions on the discretion of the executive branch to expand his sentence beyond the minimum term, and provides inadequate guarantees for a fair hearing. In response, the state does not address Williams's void-for-vagueness argument,

8.

however, it contends that the Law does not violate due process because ODRC is granted discretion similar to the discretion afforded the Adult Parole Authority in making parole-release decisions. It also claims that only minimal process is due an offender under the Reagan Tokes Law, and R.C. 2967.271(C) and (D) satisfy minimal due process requirements.

{¶ 19} The Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution guarantee procedural due process. "The Due Process Clause applies when government action deprives a person of liberty or property[.]" *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). If due process applies, the question becomes what process is due. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* At a minimum, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Cowan*, 103 Ohio St.3d 144, 2004-Ohio-4777, 814 N.E.2d 846, ¶ 8, citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

{¶ 20} In *Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, 6th Dist. No. L-20-1053, *Bothuel*, and other recent decisions, we found that the Law's presumption of release after service of an offender's minimum sentence creates a liberty interest implicating due process rights. *See Stenson* at ¶ 25 and *Bothuel* at ¶ 28, citing *Greenholtz*

9.

at 12; *See also Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (finding that inmates had liberty interest in state-created right to good-time credit, the extinguishment of which entitled them to due process to insure that the right "is not arbitrarily abrogated"). We concluded that that liberty interest created under the Law is analogous to the liberty interest at issue in a parole-revocation decision, and offenders should be afforded process similar to what the U.S. Supreme Court deemed is due parolees whose parole is being revoked. *See Stenson* at ¶ 30-31; *Bothuel* at ¶ 34. Those procedures are set forth in *Morrissey* and include "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Morrissey* at 489.

{¶ 21} We found in *Stenson* and *Bothuel*, however, that ODRC had not yet sought to extend the offenders' terms beyond the presumptive minimum sentence, therefore, their challenge to the Reagan Tokes Law was necessarily a facial challenge. "To prevail on a facial constitutional challenge, the challenger must prove the constitutional defect, using the highest standard of proof, which is also used in criminal cases, proof beyond a

10.

reasonable doubt." *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 21, citing *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.  "A facial challenge to a legislative act is the most difficult to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid."  *State v. Coleman*, 124 Ohio App.3d 78, 80, 705 N.E.2d 419 (10th Dist.1997), citing *United States v. Salerno*, 481 U.S. 739, 749, 107 S.Ct. 2095, 95 L.Ed.2d 69 (1987).  "The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid."  *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing *Salerno* at 745.

{¶ 22} In *Stenson* and *Bothuel,* we observed that the U.S. Supreme Court in *Morrissey* acknowledged that most states have enacted legislation setting forth procedural requirements for parole revocation hearings, but others have done so by judicial decision.  We interpreted *Morrissey* to imply that the specific procedural requirements applicable to protect a particular liberty interest need not be set forth in the legislation itself.  In other words, we concluded, *Morrissey* suggests that the Reagan Tokes Law may not be found to be unconstitutional, on its face, as violating due process merely because the specific procedures for invoking an additional period of incarceration are not set forth in the Law itself.

11.

**{¶ 23}** Again, we reach the same conclusion here. Because this is a facial challenge to the Law, it cannot be said at this juncture that the Law "cannot be applied constitutionally in any circumstances." However, as we commented in *Stenson* and *Bothuel*, should the Law ultimately be applied in a manner that is unconstitutional, an offender would not be precluded from challenging the Law as applied. *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 230, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) ("If an inmate were to demonstrate that the New Policy did not in practice operate in [a constitutionally-permissible] fashion, resulting in a cognizable injury, that could be the subject of an appropriate future challenge.").

**{¶ 24}** As to Williams's void-for-vagueness challenge, he claims that what constitutes a rule infraction or violation of law demonstrating a lack of rehabilitation or a threat to society under R.C. 2967.271(C)(1) is vague. He maintains that the statute does not provide fair warning to citizens so that they can ensure that their behavior comports with the law.

**{¶ 25}** R.C. 2967.271(C) provides that ODRC may rebut the presumption of release from prison after serving the minimum prison term (or on the presumptive early release date) if it determines, at a hearing, that one or more of the following applies:

> (1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

12.

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

{¶ 26} We recently recognized in *Bothuel* that security classifications and the decision to place an offender in extended restrictive housing—triggers under R.C.

2967.271(C)(2) and (3)—are the subject of detailed sets of policies and procedures. *See, e.g.,* ODRC Procedure 53-CLS-01 and 55-SPC-02; Ohio Administrative Code 5120-9-10 and 5120-9-11. *Bothuel* at ¶ 39. As for R.C. 2967.271(C)(1), the Ohio Revised Code provides notice of what constitutes a violation of law, the inmate rules of conduct are enumerated in Ohio Administrative Code 5120-9-06., and detailed disciplinary procedures for rule infractions—which include provisions for challenging a claimed rule infraction and appealing an adverse decision—are set forth in Ohio Administrative Code 5120-9-08. *Bothuel* at ¶ 40-41. Thus, it cannot be said that an offender lacks notice of what constitutes a rule infraction or a violation of law.

{¶ 27} We also acknowledged in *Bothuel* that R.C. 2967.271 does not define what it means to "pose a threat to society" (R.C. 2967.271(C)(1)(b)) or what constitutes proof that an offender "has not been rehabilitated" (R.C. 2967.271(C)(1)(a)). *Id*. at ¶ 42. Nevertheless, we found that these phrases are not so vague as to render the statute facially infirm. "A facial challenge requires that the challenging party * * * show that the statute is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." (Internal quotations omitted.) *State v. Carrick*, 131 Ohio St.3d 340, 2012-Ohio-608, 965 N.E.2d 264, ¶ 15, quoting *State v. Anderson,* 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991), quoting *Coates v. Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

14.

{¶ 28} As we recognized in *Bothuel,* a standard *is* specified in the statute. *Bothuel* at ¶ 43. Williams's facial challenge, therefore, fails. However, as we found in *Bothuel,* this does not preclude Williams from advancing an as-applied challenge should he one day be able to show "'that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional.'" *Carrick* at ¶ 16, quoting *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists,* 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting).

{¶ 29} Accordingly, we find that the Reagan Tokes Law does not, on its face, violate the constitutional right to due process, and we find Williams's fourth assignment of error not well-taken.

### E. Ineffective Counsel

{¶ 30} In his final assignment of error, Williams argues that trial counsel was ineffective for failing to challenge the constitutionality of the Reagan Tokes Law at sentencing. In order to prevail on a claim of ineffective assistance of counsel, an appellant must show (1) counsel's performance fell below an objective standard of reasonable representation, and (2) prejudice, meaning that but for counsel's errors, the result of the proceedings would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

15.

**{¶ 31}** Given our conclusion that Williams has failed to demonstrate that the Reagan Tokes Law is unconstitutional, we find that counsel was not ineffective for failing to challenge its constitutionality in the trial court. *See State v. Shelor*, 6th Dist. Fulton No. F-21-011, 2022-Ohio-2613, ¶ 53.

**{¶ 32}** Accordingly, we find Williams's fifth assignment of error not well-taken.

### III.    Conclusion

**{¶ 33}** We find that Williams's challenge to the constitutionality of the Reagan Tokes Law is ripe for review. We, therefore, find his first assignment of error well-taken. However, we reject Williams's challenges to the constitutionality of the Reagan Tokes Law. We conclude that the Law does not violate the separation of powers doctrine or the right to trial by jury, therefore, we find his second and third assignments of error not well-taken. We also conclude that the Law, on its face, does not violate the constitutional right to due process, therefore, we find his fourth assignment of error not well-taken. Finally, given our conclusion that the Law is not unconstitutional on its face, trial counsel was not ineffective for failing to object to Williams being sentenced under the Law, and we find his fifth assignment of error not well-taken.

**{¶ 34}** We affirm the July 28, 2021 judgment of the Lucas County Court of Common Pleas. Williams is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

16.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.    _____

               JUDGE

Thomas J. Osowik, J.


             _____

Christine E. Mayle, J.       JUDGE
CONCUR.


             _____

               JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.