[Cite as *State v. Gibson*, 2023-Ohio-1776.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Graig Lamont Gibson

    Appellant

Court of Appeals No. WD-22-059

Trial Court No. 2022CR0032

**DECISION AND JUDGMENT**

Decided: May 26, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** Appellant, Graig Gibson, appeals from the August 15, 2022 judgment of the

Wood County Court of Common Pleas, sentencing him to an aggregate prison term of 11

to 15 years, following his pleas of guilty to the offenses of discharge of a firearm on or

near prohibited premises; having weapons under disability; receiving stolen property;

resisting arrest; and possession of marijuana. For the reasons that follow, the trial court's

judgment is affirmed.

## I.  Facts and Procedural History

{¶ 2} Gibson was indicted on January 20, 2022, in a ten-count indictment. Counts one and two charged him with having weapons while under disability, which were felonies of the third degree. Count three charged him with tampering with evidence, which was a felony of the third degree. Count four charged him with discharge of a firearm on or near a prohibited premises, which was a felony of the second degree based upon the violation causing physical harm to a person. Count five charged him with discharge of a firearm on or near prohibited premises, which was a felony of the third degree based upon the violation creating a substantial risk of physical harm to a person or causing serious physical harm to property. Count six charged him with failure to comply with an order or signal of a police officer, which was a misdemeanor of the first degree. Count seven charged him with resisting arrest, which was a misdemeanor of the second degree. Count eight charged him with being an intoxicated pedestrian on a highway, which was a minor misdemeanor. Count nine charged him with possession of marihuana, which is a minor misdemeanor. And count ten charged him with receiving stolen property, which was a felony of the fourth degree because the property was a firearm.

{¶ 3} On June 21, 2022, Gibson pleaded guilty to counts two, four, seven, nine, and ten. The state recited the following facts underlying the charged offenses:

2.

[O]n or about January 21, 2022, [Trooper Casimir Vonsacken] * * * was conducting a traffic stop on State Highway 105, milepost 15, in Wood County, Ohio.

During that he also had a [sic] Ohio State representative Haraz Gambari who was conducting a ride along.

* * *

While performing sobriety tests for the person engaged in the traffic stop they both overheard what sounded like a gunshot just north of their location. As they were conducting the traffic stop they could, after some time had passed, they could overhear somebody talking north of the location but couldn't see anyone as it was extremely foggy that night. Representative Gambari then spoke to Trooper Vonsacken saying they could again overhear someone talking and it was getting louder. Actually they observed a pedestrian, later identified as the defendant Mr. Gibson, walk in the southwest direction appearing to have just crossed over, now walking on the southbound lanes of travel. Again, they could hear him talking loudly and wearing dark clothing.

Because of the condition, it was about 2:00 in the morning on New Year's day, as well as the foggy weather. The trooper asked Mr. Gibson to come over to him, since there was a significant danger of being struck

3.

walking in the roadway. Mr. Gibson initially complied and began walking over to the trooper, again, trying to get him out of the roadway.

In speaking with him, he noticed that he was wearing a black jacket, black sweat pants, had a book bag. He also noticed the defendant had bloodshot, glassy eyes and could smell the odor of alcoholic beverages. Ultimately due to some of the defendant's involuntary responses, the officer asked if he could pat him down. He also indicated to the defendant, instructed the defendant, not to place his hands in his pocket. However, during this Mr. Gibson began to reach with his right arm to his right side. The trooper told him not to reach for anything. And then all the sudden [sic] a gunshot rang out from somewhere. The trooper immediately grabbed Mr. Gibson and tackled him on the right shoulder grass.

The trooper ended up on top of him, indicating to him to give him his hands so he could secure him in handcuffs. When Mr. Gibson was asked if he was hit, he indicated he had been struck in the leg.

Representative Gambari got a first aid kit out of the vehicle as well as radioing dispatch that they needed a squad there. Hereafter Mr. Gibson began saying that it wasn't his gun, he was just holding it for a friend.

A short time later the firearm was found lying in the grass about three feet away.

At that point Mr. Gibson then began denying having a gun, stating that he didn't know anything and claiming that the trooper actually shot him.

Mr. Gambari and the trooper applied a tourniquet to defendant's leg. They also recovered a bullet lying on the pavement in front of the bumper of the patrol car.

The defendant was then transported to Toledo Hospital at which time he attempted to swallow a bag of marijuana.

In a separate incident, related, on January 9th, 2022, Anthony Phillips * * * reported a gun being stolen from his apartment. Eventually dispatch or officers from the Bowling Green Police Department ran the gun through L.E.A.D.S. finding out that it was the gun that was recovered from Mr. Gibson on January 1st.

* * *

When they called Mr. Phillips back asking about New Year's night and indicating that the gun had been found that night, Mr. Phillips indicated that he had a party at his apartment that night and then indicated that Mr. Gibson and his twin brother * * * were there that night.

Furthermore, the State would have presented evidence that Mr. Gibson has previously been convicted of felony offenses of possessing and trafficking in cocaine. * * *

{¶ 4} After hearing Gibson's pleas and the applicable facts, the trial court accepted the pleas and entered a finding of guilt.

{¶ 5} At sentencing, Gibson received an aggregate sentence of eleven to fifteen years in prison, plus a period of postrelease control. Gibson now appeals this sentence.

## II.  Assignments of Error

{¶ 6} Appellant raises the following assignments of error on appeal:

I. Appellant's sentence is contrary to law.

II. The Reagan Tokes law violates the doctrine of separation of powers and due process.

## III.  Law and Analysis

### First Assignment of Error

### Standard of Review

{¶ 7} We review felony sentences pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate

court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} Here, Gibson's argument falls under R.C. 2953.08(G)(2)(b)'s provision that the sentence is otherwise contrary to law in that he claims that it was not the intent of R.C. 2923.162(A)(3) and (C)(3) to sentence someone for a felony who, after discharging a firearm upon or over a public road or highway, caused physical harm to himself.

{¶ 9} R.C. 2923.162 provides in relevant part:

(A) No person shall do any of the following:

* * *

(3) Discharge a firearm upon or over a public road or highway.

* * *

(C) Whoever violates this section is guilty of discharge of a firearm on or near prohibited premises. * * * A violation of division (A)(3) of this section shall be punished as follows:

7.

(1) Except as otherwise provided in division (C)(2), (3), or (4) of this section, a violation of division (A)(3) of this section is a misdemeanor to the first degree.

(2) Except as otherwise provided in division (C)(3) or (4) of this section, if the violation created a substantial risk of physical harm to any person or caused serious physical harm to property, a violation of division (A)(3) of this section is a felony of the third degree.

(3) Except as otherwise provided in (C)(4) of this section, if the violation caused physical harm to any person, a violation of division (A)(3) of this section is a felony of the second degree.

(4) If the violation caused serious physical harm to any person, a violation of division (A)(3) of this section is a felony of the first degree.

{¶ 10} Gibson asserts that punishing him for having caused physical harm to himself, as opposed to causing harm to another, "was not a result intended by the legislature."

**Waiver**

{¶ 11} Before we can address the merits of Gibson's claim, we must consider the state's argument that Gibson, in entering a guilty plea, waived his right to make the claim on appeal.

{¶ 12} Generally, a defendant who enters a guilty plea waives the right to raise most issues on appeal. *State v. Jones*, 2017-Ohio-342, 77 N.E.3d 573, ¶ 8 (6th Dist.). "Such waiver includes 'all nonjurisdictional defects and constitutional violations that occurred before he entered his guilty plea and that do not "stand in the way of conviction if factual guilty is validly established."'" *Id.*, quoting *State v. Legg*, 2016-Ohio-801, 63 N.E.3d 424, ¶ 28 (4th Dist.), quoting *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78. We have held that a "guilty plea itself provides the necessary proof of the elements of the crime, thus relieving the trial court of the obligation to determine whether a factual basis exists to support the plea." *State v. Norris,* 6th Dist. Ottawa No. OT-18-019, 2019-Ohio-1488, ¶ 10, quoting *State v. Duhart*, 6th Dist. Lucas No. L-16-1283, 2017-Ohio-7983, ¶ 9. (Additional citations omitted.) Likewise, a plea of guilty to a criminal charge typically waives a defendant's right to challenge sufficiency or manifest weight of the evidence, *State v. Williams*, 6th Dist. Lucas No. L-02-1221, 2004-Ohio-4856, ¶ 12, or any deficiency that may have existed in the indictment, *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73.

{¶ 13} In short, "[a] guilty plea is a complete admission of the defendant's guilt and by entering such a plea, the defendant admits guilt of the substantive crime." *State v. Luna*, 6th Dist. Huron Nos. H-18-016, H-18-017, 2020-Ohio-3211, ¶ 8. Thus, where, as here, "'the defense or right asserted by a defendant relates solely to the capacity of the

9.

state to prove a defendant's factual guilt, it is subsumed by the defendant's guilty plea.'" *Id.*, quoting *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 23 (1st Dist.).

{¶ 14} In the instant case, we find that Gibson, in pleading guilty to a violation of R.C. 2923.162(A)(3) and (C)(3), admitted his guilt of the crime and, in so doing, waived his argument regarding the applicability of R.C. 2923.162(C)(3) to the facts of his case and, by extension, waived his challenge to the lawfulness of his sentence for a second degree felony. Accordingly, Gibson's first assignment of error is found not well-taken.

**Second Assignment of Error**

{¶ 15} Gibson argues in his second assignment of error that the Reagan Tokes Law, pursuant to which he received his indefinite sentence, violates the doctrine of separation of powers and due process.

{¶ 16} In *State v. Williams,* 6th Dist. Lucas No. L-21-1152, 2022-Ohio-2812, we listed prior decisions in which this court concluded that the Reagan Tokes Law does not violate the doctrine of separation of powers. *Id.* at ¶ 9, citing *State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620; *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072; *State v. Bothuel,* 6th Dist. Lucas No. L-20-1053, 2022-Ohio-2606*; see also State v. Eaton*, 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.).

**{¶ 17}** This court has further found that the Reagan Tokes Law does not violate due process on its face. *Bothuel* at ¶ 43. In so doing, the majority relied upon *Stenson* and the concurrence relied upon *Eaton.*

**{¶ 18}** In light of our settled precedent, and given Gibson's failure to raise any different or new challenges to the Reagan Tokes Law, we find no merit to his arguments challenging the validity of his indefinite sentencing under the Reagan Tokes Law. Accordingly, Gibson's second assignment of error is found not well-taken.

### Conclusion

**{¶ 19}** Because Gibson's first and second assignments of error are found not well-taken, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                _____
                                                                            JUDGE
Myron C. Duhart, P.J.

                                                                    _____
Charles E. Sulek, J.                                                      JUDGE
CONCUR.

                                                                    _____
                                                                            JUDGE

11.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.