[Cite as *State v. Hill*, 2025-Ohio-5776.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  {48}L-24-1147

      Appellee                              Trial Court No.  CR0202201716

v.

Tyrefa Hill                                        **DECISION AND JUDGMENT**

      Appellant                             Decided: December 26, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a delayed appeal from a judgment by the Lucas County Court of

Common Pleas which, following the guilty plea by appellant Tyrefa Hill to the lesser-

included offense of involuntary manslaughter with two firearm specifications, found her

guilty of same, and sentenced her to an aggregate prison term of 19 years. For the reasons

set forth below, this court affirms the trial court's judgment.

{¶ 2} Appellant sets forth two assignments of error:

1.  The trial court committed plain error, or in the alternative, abused its discretion, when it accepted a plea to involuntary manslaughter without establishing the predicate offense necessary to classify the level of felony associated with the offense.

2.  The trial court committed plain error, or in the alternative, abused its discretion, when it sentenced appellant pursuant to R.C. 2903.04(A) as a felony of the first degree, which requires the establishment of an intentional predicate felony as a basis for the offense of involuntary manslaughter, when the facts supported a predicate misdemeanor, namely, the discharge of a firearm on or near the property of another, which is a misdemeanor of the fourth degree pursuant to R.C. 2923.162(A)(2).

{¶ 3} Prior to the incident in this case, appellant had a former personal relationship with the victim, who was the father of her minor children. At some point appellant obtained a handgun along with a concealed-carry permit. On April 25, 2022, in Toledo, Lucas County, Ohio, while in her car to pick up her children with whom she co-parented with the victim, an argument with the victim ensued, and appellant shot at and killed the victim while the children were in the backseat. A nearby surveillance video captured the entire incident.

{¶ 4} A Lucas County Grand Jury indicted appellant on May 4, 2022 for murder, a violation of R.C. 2903.02, and an unclassified felony under R.C. 2929.02. The indictment of the murder offense included two specifications: for discharging a firearm from a motor vehicle, a violation of R.C. 2941.146(A), (B), and (D); and for displaying, brandishing,

2.

indicating possession of, or using a firearm, a violation of R.C. 2941.145(A), (B), (C), and (F).

{¶ 5} As the matter proceeded to trial, appellant sought to assert the affirmative self-defense under R.C. 2901.06(B), the battered-woman-syndrome defense. After numerous hearings and two reports by Stanley Edwards, Ph.D. from Court Diagnostic and Treatment Center,[1] appellee filed two motions in limine in response to each report, which appellant opposed, to "exclude certain evidence referencing Defendant's battered woman syndrome evaluation, as well as statements made to police in police reports unrelated to this offense." Citing *State v. Koss*, 49 Ohio St.3d 213 (1990) and *State v. Haines*, 2006-Ohio-6711, appellee argued that the Ohio Supreme Court prohibits the admissibility of Dr. Edwards' report opining that appellant was a battered woman and is not criminally liable for the victim's death because it "usurps the jury's role as a fact finder."

> There are simply unverifiable allegations of abuse, most of which occurred after whatever relationship these people had was over. There is no evidence supporting an about face where the alleged abuser exhibited intense love and affection toward this movant. Nothing in the history of this case or in Dr. Edwards' report indicates that the movant was led to believe

---

[1] The transcripts of the January 24, September 12 and November 14, 2023 hearings are not in the record before us. Neither are the reports dated January 20 and November 10, 2023 by Dr. Edwards discussed at those hearings. As described by appellee in a subsequent pleading, "On [January 24], counsel for the defendant indicated on the record that he would be ineffective as counsel for his client moving forward if the matter were to proceed to trial on that date. The report authored by the defendant's expert was so problematic that counsel made this admission as part of his request to continue the trial date. In conjunction with this request, counsel asked that the matter be re-referred to the Court Diagnostic and Treatment Center for an additional, evaluation by Dr. Edwards."

3.

that the allegations of abuse were isolated and that they would not continue. There is no evidence that the movant was in this type of relationship.

{¶ 6} On January 29, 2024, the trial court granted appellee's two motions in limine. The trial court concluded that:

> After carefully reviewing Dr. Stanley Edwards' January 20, 2023 report and second report on November 10, 2023 this Court agrees with the State that his reports are replete with inadmissible hearsay statements from defendant. Consequently, Dr. Edwards' January 20, 2023 and November 10, 2023 reports are inadmissible. Further, as to Dr. Edwards' testimony, this Court shall follow the decision *in State v. Haines. supra,* and limit Dr. Edwards' testimony to general characteristics of a victim suffering from battered woman syndrome and also the use of hypothetical questions regarding specific abnormal behaviors exhibited by women suffering from the syndrome with no opinion being offered regarding the alleged victim in this case. *Haines* at 56

{¶ 7} Then on February 13, 2024, the morning of trial, appellant changed her plea from not guilty to the murder offense with two firearm specifications, to guilty to the lesser-included offense of involuntary manslaughter, a violation of R.C. 2903.04(A), which is a first-degree felony under R.C. 2903.04(C). Involuntary manslaughter under R.C. 2903.04(A) states, "No person shall cause the death of another . . . as a proximate result of the offender's committing or attempting to commit a felony." Appellant's guilty plea included a mandatory five-year-prison-term specification for discharging a firearm from a motor vehicle, a violation of R.C. 2941.146(A), (B), and (D), and a mandatory three-year-prison-term specification for displaying, brandishing, indicating possession of, or using a firearm, a violation of R.C. 2941.145(A), (B), (C), and (F). The agreed-upon aggregate prison sentence was 19 years for an indefinite prison term of 11 to 16.5 years under R.C. 2929.14(A)(1)(a), plus the mandatory, consecutive five-year-prison-term

4.

firearm specification and the mandatory, consecutive three-year-prison-term firearm specification.

{¶ 8} The trial court conducted an extensive plea colloquy before accepting appellant's guilty plea and finding her guilty of same. During the plea colloquy the following facts of appellant's crime were elicited:

> Court: You are entering a plea of guilty so you are going to admit committing this offense. Do you understand that?
> A: Yes.
> Court: And that means that you will tell me the facts and circumstances of your guilt. Do you understand that?
> A: Yes.
> . . .
> Court: Ms. Hill, tell me what you did as relates to this offense of Involuntary Manslaughter.
> Defense Counsel: Judge, I'm going to inquire.
> Court: You may.
> Defense Counsel: Ms. Hill, I want to call your attention to April the 25th of 2022. Did you have an occasion to be in the vicinity of 409 Havre, Toledo, Ohio?
> A: Yes.
> Defense Counsel: And while there, did you have an opportunity or did you come into contact with an individual by the name of [D.K.]?
> A: Yes
> Defense Counsel: During that encounter, did an argument ensue between the two of you?
> A: Yes.
> . . .
> Defense Counsel: Did you fire a weapon, a handgun, in his direction at that time?
> A: Yes.
> Defense Counsel: Did – was he struck by the bullet?
> A: Yes.
> Defense Counsel: Did he subsequently die as a result of the wound that was inflicted from that gunshot?
> A: Yes.
> . . .

Defense Counsel: Were you in your automobile when you fired the shot?

A: Yes.

{¶ 9} The matter immediately proceeded to sentencing, and the trial court sentenced appellant in accordance with the agreed-upon sentence of an aggregate prison term of 19 years.

{¶ 10} Appellant filed a delayed appeal on June 20, 2024. On October 17, this court granted appellant's delayed appeal.

{¶ 11} We will address appellant's two assignments of error together as they challenge the conviction for, and the sentence for, involuntary manslaughter with two firearm specifications. Appellant admits that involuntary manslaughter is a lesser included offense of murder, the original indicted offense, citing *State v. Rohdes*, 23 Ohio St.3d 225, 227 (1986). Appellant neither challenges the knowing, voluntary, and intelligent nature of her guilty plea, nor does she challenge the two firearm specifications. "Here, it was undisputed that Appellant pleaded guilty to involuntary manslaughter, with two firearm specifications - one for discharging a firearm from a motor vehicle (5 year), and one for using a firearm in the commission of the offense (3 year)."

{¶ 12} For her first and second assignments of error, appellant argues the trial court either committed plain error or abused its discretion when it accepted appellant's guilty plea to involuntary manslaughter under R.C. 2903.04(A) and sentenced her in accordance with the agreed-upon first-degree felony. Appellant argues that since the trial court failed to establish on the record the necessary predicate felony offense to convict

6.

her of a first-degree felony under R.C. 2903.04(C), it should have only convicted her of third-degree felony for "discharge of a firearm on or near the property of another," a violation of R.C. 2923.162(A)(2) and a fourth-degree misdemeanor under R.C. 2923.162(C). "[T]his court should find that the negotiated sentence here presumed a predicate felony which was not articulated, and for which arguably no findings were made."

{¶ 13} Appellee responds to both assignments of error that appellant is essentially challenging the sufficiency of the evidence to sustain her conviction for felonious assault as the underlying felony to involuntary manslaughter. Appellee argues that the record contains sufficient evidence for felonious assault, a violation of R.C. 2903.11(A)(2), and a second-degree felony under R.C. 2903.11(D)(1)(a). R.C. 2903.11(A)(2) states, "No person shall knowingly do either of the following: . . . cause or attempt to cause physical harm to another . . . by means of a deadly weapon . . . ." The facts elicited from the appellant included the necessary elements for felonious assault: that appellant knowingly drove to the victim's home with a firearm and discharged her firearm in the victim's direction, which struck the victim.

{¶ 14} We find the gravamen of appellant's argument is that appellee failed to prove appellant's criminal conduct for involuntary manslaughter, despite pleading guilty, because of a failure to prove an underlying felony, such as felonious assault. Such argument challenges the sufficiency of the evidence to sustain the conviction. *State ex rel. Whitt v. Harris*, 2019-Ohio-4113, ¶ 11.

7.

{¶ 15} By pleading guilty to involuntary manslaughter, a violation of R.C. 2903.04(A), appellant completely admitted her guilt for that crime and waived all nonjurisdictional defects and constitutional violations occurring prior to entering her guilty plea, including the right to challenge the sufficiency of the evidence against her. *State v. Gibson*, 2023-Ohio-1776, ¶ 12-14 (6th Dist.); *State v. Fenderson*, 2023-Ohio-2903, ¶ 22 (6th Dist.), citing Crim.R. 11(B)(1). Appellant's guilty plea to violating R.C. 2903.04(A) included her complete admission to an underlying felony such that the guilty plea itself was sufficient evidence to support the conviction.

{¶ 16} Appellant's first assignment of error fails because "Crim.R. 11 does not require the trial court to ensure that a factual basis for the plea exists, provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge." *State v. Battigaglia*, 2010-Ohio-802, ¶-24 (6th Dist.). Appellant does not dispute that her guilty plea was made voluntarily, knowingly, and understandingly. The record also shows that the trial court was satisfied with the sufficiency of the facts elicited by defense counsel during the plea colloquy to convict appellant of involuntary manslaughter under R.C. 2903.04(A). *Id.* at ¶ 23.

{¶ 17} Appellant's first assignment of error is not well-taken.

{¶ 18} Having found appellant's first assignment of error not well-taken, appellant's second assignment of error is moot. App.R. 12(A)(1)(c).

8.

{¶ 19} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                                Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                    _____
                                                          JUDGE

Gene A. Zmuda, J.

                                        _____
Charles E. Sulek, P.J.                                    JUDGE
CONCUR.

                                        _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.